WILLIAM VINNEDGE ET AL. V. CHARLES NICHOLAI.

[FILED DECEMBER 4, 1889.]

1. **Replevin : JURISDICTION.** Upon the commencement of an action in replevin plaintiff filed with the clerk of the district court an affidavit that the suit was against the sheriff and there was no coroner in the county, and asking the appointment by the clerk of a third party to serve the process. The clerk appointed the person whose name was suggested by plaintiff in the affidavit, and the person so deputed served the summons and executed the order of replevin, making his return under oath. At the next term of the district court the defendant appeared generally

and by motion, and moved the court for leave to make proof of
the value of the property seized and his damages by reason
thereof and for a dismissal of the case, which motion was over-
ruled. *Held*, No error, the jurisdiction of the court not having
been questioned nor attacked.

2. ——— : AFFIDAVIT : AVERMENT OF TITLE PRIMA FACIE GOOD.
The affidavit in replevin containing an averment that plaintiff
was the owner and entitled to the immediate possession of the
property constituting the subject of the action was *prima facie*
good, as an allegation of absolute ownership—notwithstanding
such ownership was alleged to have been based upon a chattel
mortgage—when attacked by a motion in the nature of a de-
murrer.

ERROR to the district court for Loup county. Tried
below before HARRISON, J.

*A. S. Moon*, for plaintiff in error, cited: *Cropsey v.
Averill*, 8 Neb., 151; *Fox v. Abbott*, 12 Id., 331; *R. V.
R. Co. v. Sayer*, 13 Id., 282; *Newlean v. Olson*, 22 Id.,
719; Wells on Replevin, secs. 388, 394; 2 Sutherland on
Damages, pp. 8, 46.

*A. M. Robbins, contra*, cited: *Orr v. Seaton*, 1 Neb.,
107; *Cropsey v. Wiggenhorn*, 3 Id., 117; *Crowell v. Gal-
loway*, Id., 219; *Kane v. People*, 4 Id., 512; *Aultman v.
Steinan*, 8 Id., 113; *Burnham v. Doolittle*, 14 Id., 215;
*White v. Merriam*, 16 Id., 96; *Thrailkill v. Daily*, Id., 116.

REESE, CH. J.

This was an action of replevin. Defendant in error filed
his petition and affidavit in replevin in the district court and
at the same time his attorney filed an affidavit showing that
the action was against the sheriff of the county, that there
was no coroner, and asking that James Walker be appointed
to serve the summons and execute the order of replevin.
The summons and order of replevin were duly issued and
the clerk appointed said Walker to make the service and ex-

ecute the order as desired.   The person thus appointed made the service and executed the order in accordance with the forms of law, making his return under oath.   At the next term of the district court, plaintiffs in error, who were defendants in that court, filed their amended "motion to dismiss" the action, which was as follows :

"Come now the defendants in the above action and move the court to hear proof of the value of the property and damages sustained by defendant and to render a judgment in favor of the defendant and dismiss this action for the following reasons, to-wit:

"1. Because the affidavit does not sufficiently describe the property.

"2. Because the facts stated in the affidavit do not show that the plaintiff is entitled to the possession of the property.

"3. Because the writ was not served nor the property taken by any person authorized by law.

"4. Because the order of replevin was not directed to any person authorized by law.

"5. Because no bond was given as required by law."

"6. Because the property was not appraised as required by law."

The motion was overruled and plaintiffs in error declining to answer or further plead, a trial was had in their absence and judgment was rendered in favor of defendant in error.   Plaintiff in error brings the cause to this court by proceedings in error, alleging as such error the decision of the district court upon the motion.

It will be observed that the first and second grounds assigned in the motion are in the nature of a demurrer to the affidavit in replevin.   That portion of the affidavit which was particularly assailed was to the effect that the plaintiff was "the owner of and entitled to the immediate possession of the following described goods and chattels, to-wit: Thirteen pigs, as follows, to-wit: eight sows and five barrows of about one hundred and fifty pounds weight each.   That said

ownership is claimed and held under a chattel mortgage executed by Eugene A. Post, to this plaintiff, dated January 18th, 1889, and duly on file in the county clerk's office of Loup county, Nebraska, of date ——, of the value of $125," etc.

By the language of the affidavit it was alleged that defendant in error was the owner of and entitled to the possession of the property in dispute. Whether the evidence upon the trial sustained the averment of absolute ownership, we have no means of knowing, as there is no bill of exceptions presented to this court, but the presumption is it did. However, it is enough here to say that as assailed the affidavit was sufficient on its face.

The principal contention of plaintiff in error is that the clerk had no power to appoint or depute Walker to serve the summons and execute the order of replevin, and that, therefore, the seizure and appraisement of the property, its delivery to defendant in error, and the approval of the replevin bond were without authority of law on the part of Walker, and were therefore void. This argument is based largely upon the assumption that there was, in fact, no action pending in court, and therefore there was no jurisdiction to act.

Without inquiring as to the regularity of the appointment of Walker, or of his action under the alleged appointment, it must be sufficient to say that an action was pending which had been regularly instituted by the filing of the necessary pleadings and the issuance of the proper process. The court had jurisdiction of the person of plaintiff in error by his general appearance, if not by the service, and in the absence of an attack upon, or a challenge of such jurisdiction, the judgment would be binding. This jurisdiction was not questioned. No effort was made to quash the service, nor the return of the summons or order of replevin. They were permitted to stand unquestioned, and by virtue of them plaintiff in error sought to make

proof of the value of the property replevined, and of his damages, and to obtain a judgment therefor. This could not be done. Had the appointment of, and proceedings by, Walker been attacked by the proper motion to quash, a different question would perhaps have been presented; but as the record stands the district court did not err in over-ruling the motion.

The judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.