(Supreme Court, Special Term, Onondaga County. December, 1898.)

1. REPLEVIN—AFFIDAVIT—DESCRIPTION OF PROPERTY.
    A replevin affidavit, describing the property as North Carolina pine lumber, and giving an itemized statement of the various sizes, and in some instances of the particular grade and the use for which it was designed, with the quantity in feet of each kind, contains a sufficient particularization of the property.

2. SAME—EXECUTION BY AGENT.
    A replevin affidavit, executed by an agent who had personal charge of all the transactions involved in the action, and containing positive allegations of the facts required by Code, § 1695, is sufficient, though it contained no allegation of the agent's personal knowledge.

3. SAME—INCORPORATION OF DEFENDANT—ALLEGATION.
    Under Code, § 1776, providing that plaintiff need not prove the existence of a corporation defendant, unless denied by verified answer, a replevin affidavit is not defective for alleging defendant's incorporation on information and belief, where no verified answer had been served.

4. SAME—CAUSE OF DETENTION.
    Where a replevin affidavit by an agent, made on his personal knowledge, states the sources of information and belief as to the alleged cause of detention, it is sufficient, though it did not state what the information was.

Replevin by George F. Sloan and others against the Implement Dealers' Manufacturing Company. Motion to set aside all proceedings, for insufficiency of the affidavit. Denied.

W. S. Moore, for the motion.
Ide & Ryan, opposed.

HISCOCK, J. The affidavit attacked herein is made by the agent of the plaintiffs, but his right so to do is clearly justified by the fact, among others, appearing upon the papers, that the plaintiffs lived outside of the state, and were not within the county where the

plaintiffs' attorneys resided and the affidavit was made. The action is brought to recover lumber, and the sufficiency of the affidavit is questioned in respect to its description of said lumber; it being claimed that it does not "particularly describe the chattels to be replevied." This contention, however, seems to be clearly not well founded. The affidavit first describes the kind of lumber,—North Carolina pine,— and then gives an itemized and detailed statement of the various sizes, and in many instances of the particular grade, and of the use for which designed, with the respective quantity in feet of each kind. Unless a person selling lumber stamps with some particular device each piece sold, it is difficult to see how a more particular and detailed description could be given.

The affidavit sets forth positively, and not upon information and belief, with the exceptions hereinafter referred to, the allegations required by the Code in regard to the ownership of the chattels by plaintiffs, their wrongful detention, the alleged cause thereof, and that they had not been taken by virtue of a warrant, etc., or under an execution, etc. The only allegations not made positively are one upon information and belief that the defendant is a corporation, and the ones in regard to the alleged cause of the detention of the chattels. Defendant contends that it does not appear that the agent had sufficient knowledge to make the allegations which are positive in form, and that he has not properly and sufficiently set forth the grounds of his information and belief as to the allegations made in that qualified form. In regard to the first class, it is to be noted that the Code (section 1695) does not require that the affidavit shall make it appear "to the satisfaction" of a judge or court that certain facts appear, as in the case of an attachment, but it simply provides that the affidavit "must contain the following allegations." Very likely, in the case of an affidavit made by an agent, if it affirmatively and clearly appeared that he had no knowledge of the matters which he was alleging in positive form, his affidavit might be held insufficient. But, in the absence of such disqualification affirmatively appearing, it may fairly be questioned, under the wording of the statute, whether the court would hold the affidavit of an agent insufficient because it did not, in the other direction, affirmatively appear that he did have personal knowledge of the allegations made by him positively, provided they were in proper form. That question, however, is not presented here, because it does sufficiently appear upon the affidavit that the agent had personal knowledge of the facts covered by his positive allegations. He alleges that positively in his affidavit, and in addition that he had been the agent, and had personal charge of all of the transactions involved in the action. This is clearly sufficient; for, even in the absence of an express allegation of personal knowledge, the court will assume such knowledge in the case of allegations made by a party who appears to have been in a position to have had such personal knowledge of the matters whereof he speaks.

The allegation as to the incorporation of the defendant is, as above stated, made upon information and belief. Very likely the sources of information and belief set out in the affidavit would be

a sufficient basis and support for the same if required. But the section of the Code (section 1776) providing that, in an action against a corporation, the plaintiff need not prove upon the trial the existence of the corporation, unless the answer is verified, and contains an affirmative allegation that it is not such a corporation, would apply to this affidavit, and relieve plaintiff from any other allegation than that made. No answer has been served at the present time, and, under the section of the Code quoted, the incorporation of the defendant is to be assumed without proof.

The remaining allegation to be considered is that in regard to the alleged cause of detention of the chattels. The Code expressly provides that this is to be made upon the best information and belief of the person making the affidavit. It does not require that the affiant shall establish by direct proof why the chattels are withheld, but simply that, according to his best knowledge, he shall give an explanation of why they are so withheld. And, again, in this connection, there seems to be some doubt whether the provisions of section 1712 in regard to setting forth the grounds of information and belief apply. That section provides that where an affidavit is made by an agent, instead of by plaintiff, and the former is compelled to make certain allegations upon information and belief which his principal could make upon positive knowledge, he shall set forth the grounds of his information and belief. But in the case of this particular allegation the principal himself, if making it, would be allowed to make it, in the words of the Code, according to his best knowledge, information, and belief, and would not be required to set forth the grounds of such information and belief. Why, then, should the agent be called upon to sustain his affidavit in this respect in a manner not required of the principal? If, however, it is held that these provisions so apply to the allegation in question, although it is expressly provided that it may be made upon information and belief, I think the affidavit in question complies with this requirement. Outside of the allegation in regard to incorporation, this allegation is the only one not made upon personal knowledge; and therefore when the affidavit sets forth certain sources of information and belief, as it does, they must necessarily be held to apply to this particular allegation, and upon their face seem amply sufficient to justify and sustain it, without setting forth in all of the details just what the information was. The statute requires that the affiant shall state the "sources" of information and belief. It does not require him to set forth the details of what that information is. Substantially all of the cases cited in behalf of the motion, and which seem in any way to relate to the general subject under review, are decisions involving the sufficiency of affidavits for warrants of attachment. It is so well settled and understood as not to require discussion, that the rules applicable to affidavits for that purpose are much more stringent than those covering this motion. The motion is denied, with $10 costs.

Motion denied, with costs.