FORD MOTOR COMPANY, Appellant, *v.* MORRIS JACK GLYDER, Respondent, and MANHATTAN STORAGE & WAREHOUSE COMPANY (Sued Herein as " JOHN DOE," the Name " John Doe," Being Fictitious, etc.), Appellant.

First Department, June 26, 1942.

*S. M. Sprafkin* of counsel [*Emanuel Goodman* with him on the brief; *Goodman & Werner*, attorneys], for the plaintiff-appellant.

*George J. Kraft* of counsel [*Dean, King, Smith & Taylor*, attorneys], for the defendant-appellant.

*Cornelius G. De Loca*, for the respondent, appearing specially.

MARTIN, P. J.   The requisition in this replevin action is attacked upon the ground that the papers upon which it is based " are void and irregular and do not show that the plaintiff is the legal or proper owner of these chattels nor that he has any right, claim or title thereto of any kind."

Unlike the case of an attachment, where the fact of ownership must appear to the satisfaction of a judge, the requirement of section 1096 of the Civil Practice Act is simply that the affidavit to be delivered to the sheriff must contain an allegation of ownership.   (See *Sloan* v. *Implement Dealers Mfg. Co.*, 25 Misc. 451.)

The plaintiff here claims as owner.   Had the moving affidavit been made by an officer of the corporate plaintiff, the averment that plaintiff is the owner would have been sufficient without a recital of facts establishing such ownership, as no special property is claimed.   (*Burns* v. *Robbins*, 1 Code Rep. 62; *Vinnedge* v. *Nicholai*, 28 Neb. 133; 44 N. W. 89.)   The affidavit here, however, is made by plaintiff's attorney.   In it he states:

" That the sources of deponent's information and the grounds of his belief as to all matters herein not stated upon deponent's own knowledge are as follows:

" Deponent was informed by the plaintiff that automobile parts and accessories had been stolen from its factory at Dearborn, Michigan, and deponent was requested to communicate with the Federal Bureau of Investigation of the Department of Justice in New York for further facts in connection with the matter. Deponent thereupon, on March 31st, 1942, called on such Bureau at Foley Square, New York City, and conferred with Special Agents thereof. Deponent was informed by said Agents that they and their Detroit office had made a thorough investigation of the facts in connection with the theft of these parts and accessories, and that they had succeeded in tracing some of these chattels into the possession of these defendants. They furnished deponent with a list of such chattels traced into the possession of these defendants, which are set forth in the Schedule hereto annexed, and plaintiff informed deponent of their value as above set forth."

The plaintiff here is widely known as a large manufacturer of automobiles, parts and accessories, and its statement to its attorney that the property in question was stolen from its factory, considered in connection with the information obtained by the attorney from the Department of Justice that many of the items so stolen carried marks identifying them as property of the plaintiff, is sufficient to support the statement of ownership in the affidavit.

An allegation of prior demand is not essential where possession is unlawfully acquired. Detailed information furnished by the Department of Justice enabled the deputy sheriff executing the requisition to identify the property without difficulty.

In our opinion, the affidavit accompanying the requisition complied with the provisions of sections 1096 and 1110 of the Civil Practice Act.

The appeal from the original order should be dismissed; the order granting the resettlement and the order as resettled should be reversed, with twenty dollars costs and disbursements to the appellants, and the motion to vacate the requisition and direct return of the chattels denied.

TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Appeal from order entered May 1, 1942, unanimously dismissed. Order as resettled and the order entered June 3, 1942, resettling the said order entered May 1, 1942, unanimously reversed, with twenty dollars costs and disbursements to the appellants, and the motion of the defendant Morris Jack Glyder to vacate the requisition in replevin and that the chattels replevied be returned to the said defendant denied.