UNITED STATES ex rel. HAM v. CHAPEL, Sheriff.

(District Court, D. Minnesota. January 31, 1893.)

JURISDICTION OF FEDERAL COURTS — DISCRETION — PRISONER UNDER STATE PROCESS.

The United States district court has jurisdiction to discharge a person held for trial by a state court, where he is restrained of his liberty in violation of the constitution and laws of the United States, but the federal court may in its discretion refuse to exercise such jurisdiction before trial in the state court, in the absence of special circumstances requiring immediate action. Ex parte Royall, 6 Sup. Ct. Rep. 734, 117 U. S. 241; Cook v. Hart, 13 Sup. Ct. Rep. 40; Robb v. Connolly, 4 Sup. Ct. Rep. 544, 111 U. S. 624–627,—followed.

Application by J. W. Ham for Discharge on Habeas Corpus from the custody of Charles E. Chapel, sheriff of Ramsey county, Minn. Writ dismissed, and prisoner remanded.

J. F. Fitzpatrick and Martin H. Albin, for petitioner.
Pierce Butler, for respondent.

NELSON, District Judge. The petitioner seeks a discharge upon the ground of the illegality of his arrest and imprisonment under state authority. The following facts are stipulated:

"That said J. W. Ham was extradited on an indictment mentioned in his petition, and arrived at St. Paul, Minnesota, August 26, 1892. That after said J. W. Ham had been duly arraigned upon said indictment, and had duly entered a plea of not guilty thereto, a nolle prosequi was on the 12th day of December, 1892, duly entered in said case, and said case was dismissed; and that thereafter, and before said J. W. Ham had an opportunity to depart from the district court room of Ramsey county, state of Minnesota, he, said J. W. Ham, was by the sheriff of Ramsey county, Minnesota, arrested, and detained for the offense set out in the indictment, a copy of which is attached to the return to said writ of habeas corpus, and has ever since been so detained."

It is claimed that the district court of Ramsey county is without authority to try said J. W. Ham on the indictment found after his rendition to the state of Minnesota by the territory of Utah for an alleged crime in no wise connected with the crime or charge upon which his surrender was demanded and secured, for the reason that no opportunity, before his arrest upon this charge, was given "to depart or return to his domicile;" and thus, it is urged, he is restrained of his liberty in violation of the constitution and laws of the United States.

The jurisdiction of this court to discharge the prisoner from arrest and imprisonment before his trial in the district court of Ramsey county if he is restrained of his liberty in violation of the constitution and laws of the United States does not admit of doubt; but it is also well settled that the court is not bound to exercise such power, and may, in its discretion, decline to discharge the prisoner alleged to be so held, and may require him to make his defense, and raise the question of the legality of his arrest and imprisonment in the state courts. The supreme court of the United States, in Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. Rep. 734, and

in many other cases, holds that when a person is in custody under process of a state court of original jurisdiction for an alleged offense against the laws of that state, and it is claimed that he is restrained in violation of the constitution of the United States, the circuit court of the United States has a discretion whether it will discharge him in advance of his trial in the court in which he is indicted, although, if special circumstances requiring immediate action exist, it will interpose and discharge the accused. The district court of the United States has equal authority with the circuit court to issue a writ of habeas corpus. This doctrine was adhered to in Cook v. Hart, 13 Sup. Ct. Rep. 40, (decided in November, 1892.) It was a case of interstate rendition, and in the opinion the court, quoting from Robb v. Connolly, 111 U. S. 624–627, 4 Sup. Ct. Rep. 551, said:

"Upon the state courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them."

And again, the court said:

"While the power to issue writs of habeas corpus to state courts which are proceeding in disregard of rights secured by the constitution and laws of the United States may exist, the practice of exercising such power before the question has been raised or determined in the state courts is one which ought not to be encouraged; * * * and we think that comity demands that the state courts under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance."

There are no special circumstances in this case requiring immediate action by this court, and no urgency demanding its interference. Following the views announced in the foregoing decisions, the prisoner is remanded to the sheriff of Ramsey county, and the writ of habeas corpus is dismissed.