## Ex parte McMINN.

(Circuit Court, N. D. Alabama, S. D. September 21, 1901.)

FEDERAL COURTS—HABEAS CORPUS—DISCRETION IN ISSUANCE OF WRIT.

A federal court is vested with a discretion in the issuance of the writ of habeas corpus for the discharge of a person confined under state authority, both before and after trial and judgment in the state court, in cases in which the act of the legislature under which the state court is proceeding is challenged as in conflict with the federal constitution; and under ordinary circumstances, where the petitioner has a clear remedy in the state courts, whose decisions may be reviewed, if necessary, by the supreme court of the United States, he will be remitted to such remedy.[1]

---

[1] Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.

On Petition for Writ of Habeas Corpus.

Mr. Wilkerson and J. W. Davidson, for petitioner.

SHELBY, Circuit Judge (orally).   The petition in this case shows that the petitioner is confined in the insane hospital at Tuscaloosa, Ala.   He is held under an order or judgment of the probate judge of Cullman county, Ala., made under the Alabama law relating to insane persons.   Code Ala. 1896, § 2553.   It is alleged in the petition that the section of the Alabama Code referred to, is in conflict with the constitution of the United States, and especially with the fourteenth amendment.

In the view I take of the case, it is unnecessary to consider the question as to the constitutionality of the statute.

The first question to be considered is, is this a case in which a writ of habeas corpus should be allowed, even though the statute be unconstitutional?   There is a discretion in the federal courts in the issuance of the writ of habeas corpus, both before and after trial and judgment in the state court, in cases in which the act of the legislature under which the state court is proceeding is challenged as in conflict with the federal constitution.   The federal courts may, in their discretion, refuse to grant the writ, and leave the petitioner to his remedy in the state courts.   In this case the petitioner has clearly a remedy to review the action of the probate court in other and higher state courts.

Under the circumstances of the case, I have concluded to refuse to grant the writ, leaving it to the petitioner to pursue his remedy in the state court as he may be advised.   I think this course is sustained by the decisions of the supreme court in Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868, and Ex parte Fonda, 117 U. S. 516, 6 Sup. Ct. 848, 29 L. Ed. 994.   In Ex parte Kieffer (C. C.) 40 Fed. 399, where the remedy by habeas corpus was allowed, there were considerations not involved in this case.   The case was of a character that the public, as well as the individual, were interested in a speedy settlement, and it appeared that it could be more speedily settled in the federal court.   If the petitioner reserves the federal question, after the supreme court of the state has passed upon it, he can then, if necessary, by proper proceedings, review the case in the supreme court of the United States.   Wo Lee v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220.   The petition is denied.