# UNITED STATES ex rel. STREWL v. WARDEN OF CLINTON PRISON AT DANNEMORA, N. Y.

No. ——.

District Court, N. D. New York.

Sept. 25, 1937.

J. G. M. Browne, of Brooklyn, N. Y., for relator.

John J. Bennett, Jr., Atty. Gen., Patrick Henry Clune and Bernard L. Alderman, Asst. Attys. Gen., Ralph L. Emmons, U. S. Atty., of Binghamton, N. Y., Andrew J. Culick, Asst. U. S. Atty., of Amsterdam, N. Y., and Stephen Waskiewicz, Utica, N. Y., Asst. U. S. Atty., for respondent.

COOPER, District Judge.

This is the return of a writ of habeas corpus issued in behalf of the relator, who seeks discharge from the custody of the respondent and in place thereof confinement in a county jail of the district as a federal prisoner pending appeal from his conviction and sentence in this court in August, 1937.

In January, 1937, the relator pleaded guilty in the Supreme Court of the state of New York to a felony and was sentenced to 15 years in the state prison at Dannemora, N. Y., where he was received by the respondent on January 19, 1937.

He was serving his sentence at said state prison when in June, 1937, this court issued its writ of habeas corpus ad prosequendum to the respondent, commanding the production of the relator before this court at Binghamton, N. Y., for the purpose of a trial in this court..

The writ provided that upon completion of said trial the relator was to be returned to the said prison.

The respondent obeyed said writ and produced the relator for trial at the Binghamton term of this court, where he was convicted and sentenced in August, 1937, to a term of imprisonment in a federal penitentiary.

While the terms of the sentence are not before the court, the court presumes that the sentence was to begin at the completion of the relator's sentence at the state prison at Dannemora, for the sentence could not become operative until such completion of the state sentence.

The relator appealed from his conviction and sentence in this court, which appeal is still pending.

The relator, contending that he is and since his conviction has been a federal prisoner and not a state prisoner, sued out this present writ of habeas corpus asking that as a federal prisoner he was entitled under rule V of the Criminal Appeals Rules to be confined in a county jail of the district pending the decision upon the appeal.

The respondent in his return shows by affidavit that the relator was taken from Dannemora prison to the federal court at Binghamton by the state prison guards, who at all times had him in their custody both in and out of the federal court at Binghamton, and upon completion of the trial and sentence he was taken by these same guards back to the Dannemora state prison where he has remained until brought before this court at Albany pursuant to the writ now before the court.

The respondent contends that the relator has at all times been a state prisoner since January 19, 1937, fully as much so when upon trial in the federal court at Binghamton as at any other time, and that the writ should be dismissed.

The respondent also urges that a writ of habeas corpus is not the proper procedure to bring this question before the court and asks that the writ be dismissed upon that ground also.

Federal and state courts are courts of different sovereignties. Though they act in the same territory they are on different planes. Each is separate and independent of the other. Neither has any power or jurisdiction over the other.

From the necessity of a harmonious working of the two sovereignties in the same territory, a comity of courts, a modus operandi, has come into existence and is universally acknowledged, respected, and applied.

■ Under this doctrine the court which first takes property in a civil action or a person in a criminal action into its custody may not be called upon to surrender or relinquish that custody at the behest of a court of the other sovereignty.

Where a person is charged with offending the laws of both sovereignties, the court of the sovereignty in which he was first convicted is entitled to retain his custody until he has satisfied the demands of that sovereignty by service of his sentence of imprisonment and payment of his fine or its equivalent.

Where such sentence is one of several years, were the second sovereignty to wait for the termination of such sentence to put the prisoner to trial, prosecution in the second sovereignty might be entirely defeated by lapse of time resulting in the death of important witnesses, failure of memory of witnesses, and other like reasons.

So, under this comity of courts or sovereignties, the first sovereignty recognizes the request of the second sovereignty to produce the prisoner for trial in the courts of the second sovereignty and there permit him to be tried. Harmonious and agreeable relations between the sovereignties are thus maintained and orderly enforcement of the law of both sovereignties is thus assured.

■ But such production in the court of the second sovereignty for trial therein is not and has never been held to be a surrender of custody to the court of the second sovereignty.

While on trial in the court of the second sovereignty he is as much in the custody of the court of the first sovereignty as if he had never left the walls of the latter's prison.

■ There was no departure from this doctrine of comity in the case of this relator for he was at all times in the custody of the guards of the state prison.

■ Even if he had been turned over to the physical custody of the United States marshal, he would nevertheless still be in custody of the state courts in contemplation of law. The state authorities have no right to surrender custody of a state prisoner. If they should actually do so, it would not be a surrender of the legal custody of the prisoner, for under the law he still remains a state prisoner.

This court recognized the superior right of the state court to the relator's custody, for its writ of habeas corpus ad prosequendum provided that upon completion of the trial he should be returned to the respondent and the state prison in which he was confined under mandate of the state court.

This doctrine of comity is declared in Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879.

An earlier case also declaring this doctrine of comity is Covell v. Heyman, 111 U. S. 176, 4 S.Ct. 355, 28 L.Ed. 390.

The relator cites many federal cases and others declaring the right of the person convicted in a federal court to remain in a county jail of the district pending determination of an appeal unless he elects to go at once to the place of confinement to which he is sentenced to begin to serve his sentence. Tinkoff v. Zerbst (C.C.A.) 80 F. 2d 464, is one of the latest of these.

But in none of these cases, which declared the right of a person convicted in the federal court to remain in a county jail in the district, pending appeal or otherwise, was the prisoner at the time of trial a person then in custody of the state court, serving a sentence in a state prison.

These cases are therefore inapplicable.

In view of the conclusions here reached it is not necessary to discuss the question whether or not a writ of habeas corpus is the proper remedy.

The writ is dismissed.