## WING v. STEWART.
### No. 5038.

District Court, W. D. Missouri, W. D.

April 22, 1948

Harry Lee Wing pro se.

RIDGE, District Judge.

Petitioner presents application for leave to file in forma pauperis petition for writ of habeas corpus. The petition attached to said application elicits the following facts.

Petitioner is now confined in the Missouri State Penitentiary, in the custody of respondent as Warden. On June 20, 1932, petitioner was sentenced to said penitentiary for a term of 10 years, for the crime of robbery, first degree. Petitioner was conditionally released from said sentence on February 22, 1938. On April 23, 1938, petitioner was arrested by officers of the Kansas City, Missouri, Police Department, having been found in possession of a concealed weapon (38 caliber revolver).

When petitioner was released from the Missouri State Penitentiary, he was released to one Mrs. H. R. Sharp, a Parole Sponsor and Officer of the State of Missouri. Upon his arrest on April 23, 1938, said officer was informed of the arrest and confinement of petitioner. On April 25,

1938, before any action was taken by the Warden of the Missouri State Penitentiary, or said Parole Officer, to revoke petitioner's conditional release from the Missouri institution, petitioner was surrendered by the aforesaid Police Department to the Federal Bureau of Investigation. On June 24, 1938, defendant was indicted by a Federal Grand Jury of this District, on the charge of kidnaping. July 18, 1938, on plea of guilty to such charge, petitioner was sentenced to fifteen years in the custody of the Attorney General of the United States. Petitioner was thereupon committed to the Federal Penitentiary at Leavenworth, Kansas, under that sentence. Five months after petitioner was so committed, a detainer warrant, naming petitioner, was lodged with the Warden of the Leavenworth Penitentiary, by the State of Missouri.

On October 25, 1947, petitioner was conditionally released, under Title 18, Section 714, U.S.C.A., from the Leavenworth Penitentiary, to custody, control and supervision of Harry Brooks, Esquire, Federal Probation Officer for the State of Kansas, for a period of the remainder of his aforesaid fifteen year sentence, which will expire on July 17, 1953. On the date of his release from Leavenworth Penitentiary, petitioner was served by the Sheriff of Leavenworth County, Kansas, with a fugitive warrant, instituted by the State of Missouri, and was confined in the Leavenworth County Jail. While so confined, petitioner sued out a writ of habeas corpus in the Circuit Court of Leavenworth County, Kansas, challenging his custody by said Sheriff on the ground that by "comity" said Sheriff could not legally detain petitioner. The court issuing such writ of habeas corpus, ruled that "the Federal Government did not have jurisdiction by right of comity" over petitioner, "and that petitioner was a fugitive" from the State of Missouri. Thereafter, petitioner was surrendered to the State of Missouri, and returned to the custody of respondent to serve the unexpired portion of the ten year sentence previously imposed against him, as above referred to.

Upon the foregoing facts, petitioner now contends that the State of Missouri has no right to detain him and compel him to serve the unexpired portion of such sentence during the period of his conditional release, or parole, from the Leavenworth, Kansas, Penitentiary. It is petitioner's contention that "he is now serving two masters, and petitioner believes that the Federal Government has (exclusive legal jurisdiction) over him."

Attached to the petition as an exhibit is a letter from Harry C. Brooks, Chief United States Probation Officer for the District of Kansas, in which such officer exhibits knowledge that petitioner is now confined in the Missouri State Penitentiary and requesting petitioner to "get in touch with our office as soon as you are released from the Missouri Penitentiary".

In support of his right to a writ of habeas corpus petitioner relies upon the law stated in the case of Grant, et al. v. Guernsey, 10 Cir., 63 F.2d 163, to the effect, that where probation is granted by a Federal Court, a State Court cannot proceed against such probationer during the term of probation, without first obtaining permission of the Federal Court. The Guernsey case, supra, and the other authorities cited by petitioner do not rule the question of law here presented on the face of the instant petition.

Comity between the United States Government and the several States permits a Federal prisoner, with the consent of the United States, to be delivered to a State for service of a sentence in vindication of State laws. If such prisoner is released by the Federal Government during the time of service of a Federal sentence imposed upon him, confinement in a State Penitentiary will, of course, be computed as servitude under the Federal sentence. One so released may not complain if the Federal Government waives its strict right to exclusive custody of him for vindication of its laws in order that a State may also subject him to imprisonment under sentence for crime against its laws. The waiver of such right "is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant" such waiver. Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607. In the absence of an objection by the Federal Government,

the arrest and detention of a Federal paroled prisoner by a State is not illegal. Lu Woy Hung v. Haff, 9 Cir., 78 F.2d 836. It is apparent from the facts alleged in the instant petition that the representative of the United States Government, with right to control over petitioner during the period of his conditional release from the Federal sentence imposed upon him, is aware that petitioner is now confined in the Missouri State Penitentiary. It is likewise apparent from the petition, that at the time petitioner was granted conditional release by the United States Board of Paroles that Board must have been aware that a detainer was filed against petitioner with the Warden of the Federal Penitentiary in which he was serving his Federal sentence. Such facts appearing, it must be presumed that when petitioner was granted conditional release from his Federal sentence representatives of the United States Government, who had power to grant conditional release to petitioner knew, and tacitly consented that petitioner would be taken into custody by the State of Missouri, pursuant to such detainer, and that petitioner would be compelled to serve the unexpired portion of the sentence previously assessed against him by the State of Missouri, during the period of his conditional release from Federal sentence.

■ Where a person has violated the criminal statutes of two different sovereignties, it is for the interested sovereignties, and not for the criminal, to decide how the punishment inflicted upon such person shall be served, and the order of such service. State v. McKee, 193 La. 39, 190 So. 325. Arrangements so made between the Federal Government and a State do not concern the defendant or prisoner who has violated the laws of each sovereignty. Stamphill v. Johnston, 9 Cir., 136 F.2d 291.

■ So long as the United States Board of Paroles and the Probation Officer of the District of Kansas, to whom the custody and control of petitioner was committed during the period of his conditional release from Federal sentence, do not object to the detention by the State of Missouri, of petitioner, petitioner is in no position to complain, especially where it is shown (as in the instant petition) petitioner is being held under a valid sentence imposed upon him by the State of Missouri. (A copy of the information, judgment and sentence of the State of Missouri under which petitioner is now being held, is attached to the petition as an exhibit and clearly establishes the legality of the sentence under which the petitioner is now held.) The legal effect of petitioner's present predicament is that the jurisdiction of the United States Board of Paroles and the Federal Probation Officer for the District of Kansas, over petitioner is suspended during the time that petitioner is serving his sentence in the State of Missouri. The authority of said Board and Probation Officer over petitioner will continue to the maximum term of the Federal sentence under which he was conditionally released. After service of his sentence in the Missouri Penitentiary, petitioner will be subject to such authority. United States v. Barc, 6 Cir., 141 F.2d 480. That the Federal Probation Officer for the District of Kansas so interprets his present authority over petitioner is manifest from his letter attached as an exhibit to the petition.

In view of the foregoing, it appears upon the face of the petition that no question of fact is raised by the instant petition that would authorize the issuance of a writ of habeas corpus by this Court. The matter there presented is one of law and it is resolved against the contention of petitioner.

Petitioner's application to sue in forma pauperis is by the Court sustained. The Clerk is ordered to file the petition for writ of habeas corpus attached to said application.

It is now ordered by the Court that the petition for writ of habeas corpus herein, be, and the same is hereby, dismissed.