## PEBLEY v. KNOTTS, Sheriff.

### No. 280-F & 12-P.

United States District Court
N. D. W. Va., Parkersburg Division.

Jan. 12, 1951.

Eugene T. Hague, of Parkersburg, W. Va., for petitioner.

Chas. V. Renner, Pros. Atty. of Wood County, W. Va., and C. Edward McDonough, Asst. Pros. Atty. of Wood County, W. Va., both of Parkersburg, W. Va., for defendant.

WATKINS, District Judge.

Petitioner is now a prisoner in the Wood County, West Virginia, jail under state authority, awaiting trial on charges of forgery and larceny. He seeks a discharge by writ of habeas corpus, claiming (1) arrest and detention without a warrant, (2) illegal extradition, and (3) denial of assistance of counsel, in violation of rights which he says are guaranteed to him by the Constitution of the United States. The writ was awarded, and respondent made return or answer thereto. In that answer respondent denied each allegation of the petition.

There can be no doubt as to the authority of this court to discharge the pris-

oner from arrest and imprisonment before his trial in the state court if he is now restrained of his liberty in violation of the constitution and laws of the United States; but it is also well settled that this court is not bound to exercise such power, and may, in its discretion, decline to discharge the prisoner alleged to be so held, and may require him to make his defense, and raise the question of the legality of his arrest and imprisonment in the state courts. The Supreme Court of the United States, in Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868, and in many other cases, holds that when a person is in custody under process of a state court of original jurisdiction for an alleged offense against the laws of that state, and it is claimed that he is restrained in violation of the Constitution of the United States, the District Court of the United States has a discretion whether it will discharge him in advance of his trial in the court in which he is indicted, although if special circumstances requiring immediate action exists, it will interpose and discharge the accused. In Cook v. Hart, 146 U.S. 183, 195, 13 S.Ct. 40, 44, 36 L.Ed. 934 the court said: "While the power to issue writs of habeas corpus to state courts which are proceeding in disregard of rights secured by the constitution and laws of the United States may exist, the practice of exercising such power before the question has been raised or determined in the state court is one which ought not to be encouraged. * * * and we think that comity demands that the state courts under whose process he is held, and which are, equally with the federal courts charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance."

To the same effect see Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148; U. S. v. Chapel, D.C.Minn., 54 F. 140; Ex parte McMinn, C.C.Ala., 110 F. 954; United States ex rel. Humphries v. Hunt, D.C. W.D.N.Y., 15 F.Supp. 608. Section 2254 of the new Judicial Code, U.S.C.A. Title 28, makes it mandatory for a prisoner "in custody pursuant to the judgment of a State court" to first exhaust the remedies available to him in the state courts before filing application for a writ of habeas corpus in the federal court. This provision in the new code was originally passed by the House of Representatives so as to include prisoners who were in custody pursuant to "the judgment of a State court or authority of a State officer", but the words italicized were eliminated in the final draft.

It was only because of insistence of the petitioner that exceptional circumstances existed that the order for the writ was granted and the writ issued. He is now in West Virginia where he is charged with felony, and its courts have jurisdiction to determine his status. There is available to him in the state court adequate corrective process and no circumstances are shown which render such process ineffective to protect the rights of the prisoner. The case presents no exceptional circumstances nor urgency such as to require intervention here. The writ must be quashed and the application for discharge from custody denied.

The evidence shows that on October 26, 1950, petitioner was approached in Covington, Ky., by two agents of the Federal Bureau of Investigation who wanted to question him concerning the interstate transportation of a stolen motor vehicle. He was not arrested as alleged, but went voluntarily with the officers across the Ohio river bridge to the offices of the Federal Bureau of Investigation in Cincinnati, O., for questioning. The examination revealed probable cause to believe that he was guilty of a federal offense of interstate transportation of the automobile in question. The examination of petitioner both in Covington, Ky., and Cincinnati, O., revealed that petitioner was the same Ivan J. Pebley, who was wanted in Parkersburg, W. Va., for grand larceny. He stated in Covington and again stated in Cincinnati to the F. B. I. agents that he wanted to return to Parkersburg to pay back the money which he had taken and to get the grand larceny charges straightened out; that he was willing to waive extradition and would willingly go back to West Virginia if the Parkersburg, West Virginia, officers came after him. In his presence and without protest arrangements were made for him to be held in the

Cincinnati jail until the West Virginia officers could come the next day to get him. While in jail in Cincinnati, state officers from Wood County, West Virginia, came to Cincinnati, O., the next day, October 27, 1950, with two warrants for his arrest. One warrant charged petitioner with forgery and the other charged grand larceny. They were issued by Honorable Forbes R. Heihle, Police Judge of the City of Parkersburg, and ex-officio Justice of the Peace of Wood County, West Virginia, on October 27, 1950, upon complaints, under oath, of George E. Dowler. On the same day these two warrants were exhibited to, served upon, and the contents thereof made known to petitioner, then in custody of the Division of Police, City of Cincinnati, Hamilton County, Ohio, by W. H. Howell and J. B. Haney, Deputy Sheriffs of Wood County, West Virginia, and C. A. Snyder, Jr., Detective Sergeant of Police, City of Parkersburg, Wood County, West Virginia, in pursuance to their official duty. On that same day, in Cincinnati, petitioner signed voluntarily a waiver of extradition in the presence of Howell, Snyder and Raymond Lynch of Cincinnati, O. On the next day, October 28, petitioner voluntarily accompanied Howell, Haney and Snyder from Cincinnati to Parkersburg, where he was surrendered to the custody of respondent, as Sheriff of Wood County, West Virginia. On October 30 petitioner was arraigned upon charges contained in the two warrants before Judge Heihle, and without making plea thereto, waived any further hearing to await the action of the January, 1951 Grand Jury session of the Circuit Court of Wood County, West Virginia. Bond was set at $1,000 and being unable to furnish bond he was remanded to, and now remains in the custody of respondent. The grand jury will consider his case when it meets for its regular term on January 22, 1951. If the grand jury fails to indict him, he will be discharged from state custody. If he is indicted, he will be given a speedy trial, at which time he may raise any question relating to irregularity in his arrest, extradition or prosecution. He has made no effort to raise any of these questions by habeas corpus or otherwise in the state court.

Petitioner has not been denied assistance of counsel. If he is not indicted he will not need a lawyer. If he is indicted, he may then request assistance of counsel before being called upon to plead. He asked for counsel to assist him in filing his petition for habeas corpus in this court and counsel was promptly provided by the state judge, and the same counsel was appointed by this court to prosecute the habeas corpus petition in this court.

 Here the petitioner was lawfully arrested and thereafter waived extradition. But, had he not been lawfully arrested by Ohio officers or federal officers, and had he not waived extradition, it would not have constituted grounds for his release by writ of habeas corpus from the custody of West Virginia officers who now hold him under valid process in West Virginia. When a prisoner is brought or is in fact within the jurisdiction and custody of a State, charged with a crime against its laws, the State may, so far as the constitution and laws of the United States are concerned, proceed against him for that crime, and need not inquire as to the particular methods employed to bring him into the State. The laws of the United States have made no provision for the return of parties "who, by violence and without lawful authority have been abducted from a State." There is, therefore, no authority in the courts of the United States to act upon any such alleged right. Cook v. Hart, supra; Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Pettibone v. Nichols, supra. See also Chandler v. United States, 1 Cir., 171 F.2d 921, 934 and long list of cases there cited.

 It is well settled that the function of a writ of habeas corpus is to determine whether a person is *now* being unlawfully detained—not whether he was unlawfully arrested or abducted or extradited at some prior time, and not whether he has been unlawfully restrained or detained by federal or state officers in the past. A petitioner is not entitled to release by habeas corpus unless he is presently restrained of his liberty without warrant of law and unless entitled to immediate release. Where one is

detained by a sentence of a court the inquiry is ordinarily concerned with the jurisdiction of that court—whether it had jurisdiction of the person and subject matter and whether it had power to impose the sentence. In recent years the writ of habeas corpus has been used in the federal courts to test the validity of a conviction for crime in exceptional cases where the conviction has been in disregard of the constitutional rights of the accused and where habeas corpus is the only effective means of preserving such constitutional rights. United States ex rel. Innes v. Hiatt, 3 Cir., 141 F.2d 664, 665. Such use of habeas corpus is not here involved because this petitioner does not question the validity of the warrant upon which he is now held nor the commitment to jail by Judge Heihle at his preliminary hearing in default of bond to await the action of the grand jury, nor the jurisdiction of the state court to try him upon the charges pending against him in West Virginia. He complains of the manner in which he was arrested by federal officers in Kentucky and of the manner in which he was brought into the jurisdiction of the State court.

Furthermore, the writ of habeas corpus in this court is not the only effective means of preserving this petitioner's constitutional rights. When he was taken before Judge Heihle for a preliminary hearing on October 30, 1950, he could have raised these questions, but elected to waive any preliminary hearing—to make no defense, and to await the action of the grand jury.

 Where a person accused of a crime is found within the state wherein he is so charged, and is held under process legally issued from that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnapping, illegal arrest, abduction, or irregular extradition proceedings. 165 A.L.R. 948; Eaton v. State of West Virginia, 4 Cir., 91 F. 760; Carey v. Brady, 4 Cir., 125 F.2d 253, certiorari denied, 316 U.S. 702, 86 L.Ed. 1770, 62 S.Ct. 1305; State v. McAninch, 95 W.Va. 362, 121 S.E. 161;

State v. Sisler, 122 W.Va. 594, 11 S.E.2d 534. And in Ex parte Ker, C.C., 18 F. 167, where the facts were very similar to the facts here, it was held that it was not competent for a court upon habeas corpus to look into circumstances under which petitioner's capture was made in some other jurisdiction. Ker v. Illinois, supra. The reason for the rule is that when a person accused of crime is held under valid process in the proper forum, such detention is not rendered invalid because of the irregularity of the events which preceded or which made the detention physically possible. Due process of law which is required to be used by the state is its own process and not the process of another state or the process of the United States. For that reason petitioner could not raise any irregularity in his arrest, or abduction if any had existed, by federal officers, in support of his release by West Virginia authorities who now hold him under valid West Virginia process. Mahon v. Justice, supra.

 Because of the serious charges made by this petitioner against all the officers who have had anything to do with his arrest and removal to West Virginia, I have had a full hearing in this case. While I would be entirely justified in dismissing the case on its merits, for the reasons stated above, I am not doing so. I am dismissing the writ because petitioner has not presented his grievances to the state court. He is held under process of a state court, and that court is charged with the duty of protecting the accused in the enjoyment of his constitutional rights equally with the federal courts. It can be assumed that the state court will enforce any right asserted under and secured to petitioner by the supreme law of the land. The federal courts should not interfere in habeas corpus with the state courts in such matters, except in most unusual circumstances, and the practice of federal court intervention before the question has been raised or determined in the state courts should not be encouraged.

The writ is dismissed and petitioner is remanded to the Sheriff of Wood County.