**DEAN v. STATE OF OHIO et al.**

No. 611.

United States District Court
N. D. West Virginia, Wheeling Division.

Oct. 16, 1952.

Wayne Brooks, Wheeling, W. Va., for petitioner.

No appearance for respondents.

WATKINS, District Judge.

At the January, 1948 Term of the Intermediate Court of Kanawha County, West Virginia, petitioner was sentenced to life imprisonment as an habitual criminal. After entering upon his sentence he filed a petition for a writ of habeas corpus in the Circuit Court of Marshall County, West Virginia, where the state penitentiary is located, claiming that he had been pardoned of one of the former convictions upon which his sentence as an habitual criminal had been based and that this made his sentence invalid. The Circuit Court held for petitioner but the Supreme Court of Appeals of West Virginia reversed, and remanded the petitioner to serve his life sentence. Dean v. Skeen, W.Va., 70 S.E.2d 256.

While serving that sentence, he was taken to Columbus, Ohio, and there tried and convicted of murder in the state court and sentenced to life imprisonment for that offense, after which he was returned to the West Virginia penitentiary to serve the first sentence of life imprisonment. The Ohio authorities lodged a detainer against him.

While serving the West Virginia sentence he filed this petition for habeas corpus claiming, (1) illegal extradition to the State of Ohio while imprisoned in West Virginia; (2) illegal extradition back to the State of West Virginia after his trial, sentence and commitment in Ohio, and (3) contends that West Virginia lost the right of custody to his person when he was committed to the Ohio penal institution. Petitioner also asks that this court order the Ohio authorities to release the detainer against him, on the ground that the Ohio sentence is invalid because of the method used by the Ohio authorities in obtaining custody of him. He claims that the West Virginia authorities lost custody over him when he was sentenced and committed in Ohio for murder.

Dwelling first on the issue raised by the petitioner concerning his illegal ex-

tradition to Ohio by law enforcement officers of that jurisdiction and his subsequent trial and conviction there, it must be noted that one of the basic rules governing the issuance of a writ of habeas corpus is to the effect that the function of this writ is to determine whether a person is presently being unlawfully detained. In view of this limitation it is clear that the only inquiry facing the court pertains to the legality of petitioner's present incarceration by the state of West Virginia, and not his prior illegal extradition to Ohio. The petitioner is not presently in any way imprisoned by Ohio.

In Kelly v. Aderhold, 10 Cir., 112 F.2d 118, 119, the court was faced with a factual situation wherein the petitioner was detained under commitment of a North Carolina court and filed for a writ of habeas corpus and directed it solely to the judgment and sentence of a South Carolina court. In affirming the denial of the petition the court stated: "* * * One confined in prison has no right to the writ unless he is entitled to immediate release. The writ will not issue unless he is presently restrained of his liberty without warrant of law. * * * While being detained under the judgment and sentence of one court, petitioner could not challenge by habeas corpus the validity of the judgment and sentence of another court." It was further stated in Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779, that habeas corpus may be sought only to effectuate a prisoner's immediate release and not to test the legality of imprisonment at some future time.

This court stated in Pebley v. Knotts, D.C., 95 F.Supp. 283, 286, "It is well settled that the function of a writ of habeas corpus is to determine whether a person is now being unlawfully detained—not whether he was unlawfully arrested or abducted or extradited at some prior time, and not whether he has been unlawfully restrained or detained by federal or state officers in the past. A petitioner is not entitled to release by habeas corpus unless he is presently restrained of his liberty without warrant of law and unless entitled to immediate release."

■ In reference to the prayer of the petitioner that the detainer lodged against him by the Ohio authorities be declared null and void it may be said that the very fact that he is in no way detained by it at the present time makes habeas corpus an incorrect procedure to inquire into its legality.

■ In passing on the subject of the petitioner's extradition to Ohio it should be noted that it is virtually a universal rule that where an accused is found in a jurisdiction wherein he is charged with a crime, the circumstances surrounding his actual presence within that jurisdiction will not be inquired into. If he was brought from another jurisdiction by kidnapping, stratagem or illegal extradition he may still be tried if he is presently being held under process legally issued from a court of that jurisdiction. State v. McAninch, 95 W.Va. 362, 121 S.E. 161; State v. Sisler, 122 W. Va. 594, 11 S.E.2d 534; Ex parte Brown, D.C., 90 F.Supp. 50; Pebley v. Knotts, supra. See also 165 A.L.R. 948 for a general discussion of this topic.

It is therefore clear that even if habeas corpus should be available to the petitioner to challenge his forceful extradition to Ohio, yet, once he was in that jurisdiction he would be amenable to their laws and could not be set free because of something that illegally took place in the past, to wit: his extradition. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509.

■ Petitioner inquires also into the legality of his present detention by West Virginia, stating that he was illegally brought back to West Virginia and also that West Virginia lost the right to his custody when he was committed to the Ohio penal institution. These issues are likewise subject to the above-mentioned rule of law that once a person is within the jurisdiction of a state and held under valid process, the circumstances surrounding his being there will not be inquired into. In this case, the valid process under which the prisoner is now detained can be said to be the mittimus which was still in effect when he was returned to West Virginia Penitentiary.

The case of Ex parte Brown, supra, [90 F.Supp. 52], is analogous to the factual situation presented here. A detainer had been filed by Michigan authorities in the United States Penitentiary at Atlanta, Georgia, against the petitioner, he having violated his parole from Michigan State Prison. Petitioner was forceably returned to Michigan to serve the remainder of his sentence. Concerning the prisoner's petition for a writ of habeas corpus the court said: "While it is apparent from the foregoing facts that the petitioner, Brown, did not waive extradition and did everything possible within his limited means to obtain a hearing in the courts of the state of Georgia prior to his removal to the state of Michigan, and while it is further apparent that the fact that he was desirous of having a hearing was known, or should have been known, to the Michigan transfer officer, Simon, before he left the state of Georgia with his prisoner, yet these circumstances do not authorize this Court to order petitioner's release under a writ of habeas corpus since he is presently held in custody by the warden of the Michigan State Prison * * * as a parole violator upon a valid mittimus which had not expired at the time he was so returned to custody, and the right of the state of Michigan to so retain the petitioner in custody is not impaired by the manner in which he was returned to Michigan from the state of Georgia, there being no violation of Federal statutory and/or constitutional provisions by virtue of the means used in returning the petitioner to the custody of the Michigan prison authorities."

■ It should also be noted in reference to the alleged loss of custody of the petitioner by the state of West Virginia that numerous court decisions are to the effect that when the court of one sovereign takes a person into its custody he remains in the jurisdiction of that sovereign, to the exclusion of all others, until its remedies are satisfied. This rule rests upon principles of comity. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607. But the separate sovereigns may voluntarily surrender a prisoner to each other without the consent of the prisoner, and in such circumstances the question of jurisdiction and custody is purely one of comity between the sovereigns, not a personal right of the prisoner. Ponzi v. Fessenden, supra; In re Andrews, D.C., 236 F. 300; Wing v. Stewart, D.C., 77 F.Supp. 257. West Virginia, in assisting the state of Ohio in the prosecution of the petitioner for his alleged criminal activities in that state, did, by surrendering its absolute right to his custody and control before its judgment was satisfied, evidence a wish to assist a sister state in the prosecution of the petitioner, and through comity did so. See Mitchell v. Boen, 10 Cir., 194 F.2d 405, 407. In this case defendant was sentenced by a state court when at the time of his arrest by the state he was under bond for a federal offense and was sentenced by the federal court before sentence by the state court. At the time of the proceeding he was serving the state sentence, the federal authorities having lodged a detainer for him. The court stated:

"But even if we should assume, without so deciding, that the state violated a duty it owed to the Federal Government under the rule of comity, appellant would not be entitled to release, because he suffered no injury thereby. The sovereign alone may raise objections to the interference with its rights to the possession of a prisoner, under the rule of comity. So long as the prisoner owes a sentence of servitude to each sovereign, he may not complain of the manner in which he is required to serve it."

■ Though the state of Ohio could be said to have the physical custody of petitioner during his trial and temporary commitment in Ohio, yet, he was still in custody of the state of West Virginia, for state authorities have no right after conviction and sentence to surrender the legal custody of a state prisoner, and legally he remained a prisoner of West Virginia. See United States v. Warden of Clinton Prison, D.C., 21 F.Supp. 502.

■ Petitioner has also failed to establish, as required by section 2254 of the new Judicial Code, U.S.C.A., Title 28, ap-

plying to those "in custody pursuant to the judgment of a State court", that he has exhausted the remedies available to him in the state courts before filing an application for a writ of habeas corpus in a federal court. Decisions are numerous to the effect that one detained under the judgment of a state court must show that he has exhausted the remedies available to him in the state judicial system before applying to a federal court for release by writ of habeas corpus. See Pebley v. Knotts, supra; Tann v. Smyth, 4 Cir., 182 F.2d 939; Ross v. Middlebrooks, 9 Cir., 188 F.2d 308. Petitioner has also failed to show an absence of these state corrective processes or the existence of circumstances rendering such processes ineffective to protect his rights.

In view of the foregoing it appears upon the face of the petition that no question of fact is raised that would authorize the issuance of a writ of habeas corpus by this court. The petition is therefore dismissed.