Millard F. TURNER, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. C-67-45-E.

United States District Court
N. D. West Virginia.

Aug. 8, 1967.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen., of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

The Petitioner, now incarcerated in the West Virginia Penitentiary, is serving a sentence imposed by the Circuit Court of Morgan County, West Virginia, of not less than one nor more than ten years upon his plea of guilty to the charge of breaking and entering.

The Petitioner, who was sentenced on September 3, 1963, was paroled on June 15, 1965, and released into the custody of authorities of the State of Virginia who had filed a detainer.

The Petitioner was taken before the Circuit Court of Loudoun County, Virginia, on June 25, 1965, where he was given a suspended sentence and released on three years probation. On November 14, 1965, Petitioner was arrested and subsequently charged with violation of the conditions of his West Virginia parole. After a hearing the Petitioner's parole was revoked, and he was returned to the State Penitentiary on December 22, 1965.

After the denials of his petitions of habeas corpus in the Circuit Court of Marshall County and the West Virginia Supreme Court of Appeals, the Petitioner filed for habeas corpus relief in this Court under the provisions of 28 U.S.C. § 2254.

The Petitioner raises no objections to the original arraignment and sentencing of September 3, 1963, and, in fact, admits its validity. He claims, as grounds for relief, a failure to comply with the Interstate Parole Compact,[1] and that when West Virginia released him to the Virginia authorities they lost jurisdiction over him and could not subsequently revoke his parole.

With regard to the first claim, Petitioner alleges "The Interstate Parole Compact was not implemented or invoked by West Virginia, therefore when the West Virginia Parole Board caused me to be returned to their custody alleging parole violation they deprived me of my liberty illegally and unlawfully." In a paper filed with this Court entitled Petitioners Rebuttal to Respondent's Answer to Order to Show Cause, he indicates a realization that West Virginia should not invoke the Compact. On page 3 of the paper the Petitioner states: "and that the provision of the Compact were not invoked in the release of this Petitioner, nor could the State of West Virginia invoke said compact in a case where they were releasing a prisoner to the custody and jurisdiction of another sovereign."

■ The Petitioner is correct that the Compact does not apply in his case. The Interstate Parole Compact permits the transfer of the *supervision* of the conditions of parole or probation from one member state to another. In this case the supervision of the Petitioner's parole was not transferred from West Virginia to Virginia, and therefore the compact is not called into operation.

■ Likewise, there is no ground for relief in the Petitioner's contention that West Virginia waived its exclusive jurisdiction when he was released into the custody of Virginia officials. While it is true that one sovereign may maintain exclusive jurisdiction over a prisoner until its remedies are satisfied, "the separate sovereigns may voluntarily surrender a prisoner to each other without the consent of the prisoner, and in such circumstances the question of jurisdiction and custody is purely one of comity between the sovereigns, not a personal right of the prisoner." Dean v. State of Ohio, 107 F.Supp. 937, 940 (N.D.W.Va. 1952).[2] The Petitioner's claim is essentially the same as that raised in the

1. W.Va.Code 28–6–1 (Michie's 1966 ed.).

2. See also Strand v. Schmittroth, 251 F.2d 590 (9th Cir. 1957); Ramsey v. United States, 248 F.2d 532 (9th Cir. 1957).

**62**

*Dean* case. In the *Dean* case the defendant was transferred from custody in West Virginia to Ohio for trial, and after the trial in Ohio, returned to custody in West Virginia. In principle there is no difference between custody by confinement and custody by parole.

An order will be entered denying the prayer of the petition.