# CHARLESTON.

## STATE v. JAY McANINCH.

Submitted January 9, 1924.   Decided January 15, 1924.

CRIMINAL LAW—*Power to Try Indictment for Violation of
Prohibition Statute Not Impaired by Manner Accused
Brought Within Jurisdiction; That Defendant Forcibly
Brought from Another State no Defense.*

The court's power to try an indictment for violation of the
state prohibition statute is not impaired by the manner in
which the accused is brought within the jurisdiction of the
court; and a plea to the indictment is properly rejected which
in substance says that defendant was unlawfully arrested in
an adjoining state on a warrant from a justice of the peace
of this state charging him with the crime for which the in-
dictment was found, handcuffed and forcibly conveyed into
this state against his will and consent, and taken before the
justice for preliminary hearing. The plea presents no defense
to the indictment.

Certified from Circuit Court, Monongalia County.
Jay McAninch was charged by indictment with a violation

of the prohibition statute. A motion to strike his plea of unlawful removal from another state was sustained, and the plea rejected, and on joint application of the parties such action of court was certified for review.

*Affirmed.*

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

*Chas. T. Herd* and *C. William Cramer,* for defendant.

LIVELY, JUDGE:

Jay McAninch was indicted at the January, 1923, term of the circuit court of Monongalia county for a violation of the prohibition statute. The gravamen of the charge is that he unlawfully brought into the state and carried from place to place within the state and within that county a quantity of intoxicating liquor. Upon being arraigned for trial he tendered a plea the substance of which was that about the 12th day of December, 1922, a justice of the peace of that county issued a warrant for him charging him with the identical offense set out in the indictment, and on the following day while being held in the state of Pennsylvania, by officers of that state, without warrant or legal process, certain officers from the county of Monongalia came into the state of Pennsylvania for the purpose of taking him back to West Virginia to answer the warrant without extradition papers or any legal authority whatever for his arrest in that state, and removed him to the state of West Virginia; that against his protest, objection and will, they then and there handcuffed him, placed him in an automobile, and by threats and violence forcibly brought him into the state of West Virginia against his continuing protest, and took him before the justice who had issued the warrant, where, upon a preliminary hearing, he was required to give, and did give, bond to answer the indictment which was later found against him. The state objected to the filing of the plea, and moved to strike. The state's motion was sustained, and the plea rejected. Upon joint application of the parties the action of the court in thus rejecting the plea was certified to this court for review.

It is very generally held that the jurisdiction of the court in which an indictment is found is not affected by the manner in which the accused is brought into the court's jurisdiction and before it for trial. It is very generally held, with few exceptions, that if the accused has been illegally arrested or that he has been, by trickery, fraud or force or by any illegal means, brought within the jurisdiction of the court, that fact does not oust the jurisdiction nor impair its right to try on the indictment. 16 C. J. 175, sec. 228, Subject, "Manner of bringing accused within the jurisdiction." Citations to decisions by many of the courts of the states and of England and Ontario will there be found, and they fully sustain the text. The case of *Plyant Mahon* v. *Abner Justice,* jailor of Pike county, Kentucky, 127 U. S. 700, 32 L. Ed. 283, will be found to be particularly interesting upon the question here involved, where the cases of *Ex parte Scott,* 9 Barn. & C. 446; *State* v. *Smith,* 1 Bailey (S. C.) 292, and *Ker* v. *Illinois,* 119 U. S. 437, as well as the other well considered cases, are digested and reviewed. See also *Kingen* v. *Kelly,* 15 L. R. A. 177, and note, where many cases are referred to. Defendant has filed no brief in this court in support of his contentions. Possibly his counsel in examining the question fully has come to the conclusion that the law is too well settled to justify argument or citation. Our investigation has disclosed but two states which seem to hold to the contrary, and those are the states of Kansas (*State* v. *Simmons,* 39 Kan. 262) and Nebraska (*In re Robinson,* 28 Neb. 135). There may be other jurisdictions which accord with these last cited, but our hurried examination has disclosed none.

The ruling of the circuit court in rejecting the plea is affirmed.

*Ruling affirmed.*