BERNARD BROOKS

*v.*

OTTO C. BOLES, *Warden,*
WEST VIRGINIA PENITENTIARY

(No. 12588)

Submitted January 17, 1967.  Decided March 28, 1967.

577

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for plaintiff in error.

*Rickey & Chase, J. K. Chase, Jr.,* for defendant in error.

CAPLAN, JUDGE:

This is an appeal by Otto C. Boles, Warden of the West Virginia Penitentiary, respondent below, from a judgment of the Circuit Court of Marshall County, West Virginia, wherein said Boles was ordered to release Bernard Brooks, petitioner below, from his confinement in the West Virginia Penitentiary.

Bernard Brooks, hereinafter sometimes referred to as petitioner, was the subject of two petitions filed in the Juvenile Court of Ohio County requesting that he be adjudged a delinquent. These petitions, filed

June 6, 1964, charged Brooks with automobile theft and breaking and entering a certain place of business. At the hearing on said petitions, Bernard Brooks, then seventeen years of age, entered pleas of guilty, whereupon the judge of said court adjuged him a delinquent and committed him to the West Virginia Industrial Schools for boys "there to be confined until released by due operation of law."

On December 22, 1964, the judge of the said juvenile court, having been informed that Brooks was being detained in the county jail at Grafton because of his refusal to obey the rules of the industrial school, entered an order returning him to the jurisdiction of the Juvenile Court of Ohio County. Thereafter, an order was entered transferring the petitioner to the Intermediate Court of Ohio County. He was indicted on the charge of car theft, entered a plea of guilty to the charge and, on March 4, 1965, was sentenced to a term of one to ten years in the state penitentiary. However, by the same order, the sentence was suspended and Bernard Brooks was placed on probation for five years.

Three weeks later, on March 25, 1965, Bernard Brooks was charged with violation of probation. After a hearing on such violation, his probation was revoked and he was confined under the sentence imposed on March 4, 1965. While so confined, he filed a petition for a writ of habeas corpus in the Circuit Court of Marshall County, alleging that he was being unlawfully and illegally detained in the penitentiary. In his habeas corpus petition Brooks contended that the Juvenile Court of Ohio County had accepted jurisdiction of his case; that pursuant to the proceedings on the delinquency petitions, he was committed to the industrial school for boys; that such commitment was valid; that thereafter the juvenile court was without jurisdiction to bring him back to that court or to transfer him to the intermediate court; and that the indictment of and sentencing the petitioner constituted

double jeopardy in violation of the Constitutions of West Virginia and the United States. He asserted, therefore, that the Intermediate Court of Ohio County was without jurisdiction to impose the sentence he was serving.

As noted above, the Circuit Court of Marshall County granted the relief prayed for by the petitioner and the respondent below prosecutes this appeal.

The principal issue to be resolved on this appeal is whether the Intermediate Court of Ohio County had jurisdiction to sentence Bernard Brooks to confinement in the penitentiary upon his guilty plea to an indictment charging him with the theft of an automobile. Jurisdiction relates to the power of a court to hear and determine a cause. This power is granted by the constitution or a statute enacted pursuant thereto. Jurisdiction over criminal cases having been conferred upon the Intermediate Court of Ohio County, it unquestionably had jurisdiction of the case wherein the petitioner was sentenced.

The petitioner, Bernard Brooks, contends that the Intermediate Court of Ohio County had no authority to indict, convict or sentence him for the reasons that no authority existed in the superintendent of the industrial school to send him back to the juvenile court and no authority existed in the juvenile court to accept him and transfer him to the intermediate court. Therefore, insists the petitioner, he was wrongfully before the intermediate court and any sentence imposed upon him by it is void. We do not agree.

When one accused of a crime is brought before a court having jurisdiction of the offense, the court is not required to inquire into the manner in which he was brought within the jurisdiction and the manner of obtaining his presence, even though illegal or forcible, does not invalidate his conviction or constitute grounds for his release from the penitentiary under the due process clause of the Fourteenth Amendment

to the Constitution of the United States. *State ex rel. Sublett v. Adams,* 145 W. Va. 354, 115 S. E. 2d 158; *State v. Sisler,* 122 W. Va. 594, 11 S. E. 2d 534; *State v. McAninch,* 95 W. Va. 362, 121 S. E. 161. This proposition was forcefully affirmed by the Supreme Court in *Frisbie v. Collins,* 342 U. S. 519, 72 S. Ct. 509, 96 L. ed. 541, as follows: "This Court has never departed from the rule announced in *Ker v. Illinois,* 119 U. S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction'. No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." See *Jackson v. Olson,* 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932 and the annotation beginning at page 947.

It is reflected by the record in the instant case that the grand jury of Ohio County, on February 8, 1965, returned an indictment charging the petitioner with the theft of a 1961 Falcon Station Wagon; that on February 23, 1965, the petitioner was arraigned upon this charge and, having the assistance of counsel, entered a plea of guilty, that he was placed on probation; and, having violated the terms of such probation, he was sentenced to confinement in the penitentiary. Although the petitioner complains of the manner in which he was brought before the intermediate court, he nonetheless was there pursuant to a valid indictment. He was apprized of the charges against him, was represented by counsel and was afforded treatment in accordance with constitutional procedural safeguards. As stated by Mr. Justice Black in the

above quoted case: "There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." If, by physical force, one may be taken into a jurisdiction to stand trial on an indictment returned against him, certainly the manner in which this petitioner was brought before the Intermediate Court of Ohio County was not constitutionally objectionable.

The three cases relied upon by the petitioner, *State ex rel. Marcum v. Ferrell,* 140 W. Va. 202, 83 S. E. 2d 648; *State ex rel. McGilton v. Adams,* 143 W. Va. 325, 102 S. E. 2d 145, 70 A. L. R. 2d 1425; and *State ex rel. Firestone v. Adams,* 145 W. Va. 194, 113 S. E. 2d 830, have no application whatever to the case at bar. In the *Marcum* case the petitioner, a juvenile, was committed to the industrial school for girls without the benefit of any lawful proceedings. She was not before the juvenile court by virtue of a petition, nor was she certified to that court by another court, the only means by which a juvenile court could obtain jurisdiction of her. Code, 1931, 49-5-2, as amended. In the *McGilton* and *Firestone* cases the petitioners were sentenced to confinement in the penitentiary although no presentment or indictment had been returned against them. These cases stand for the proposition that no person may be tried, convicted or sentenced lawfully upon a charge of a felony unless on presentment or indictment of a grand jury and are inapposite here. As noted above, the petitioner in the instant case was indicted for an offense constituting a felony and was sentenced pursuant to his guilty plea thereto.

In his habeas corpus petition before the Circuit Court of Marshall County the petitioner alleged that the Intermediate Court of Ohio County had no jurisdiction in that it failed to transfer the case to the juvenile court after his appearance pursuant to indictment. Although Code, 1931, 49-5-3, as amended, provides that a defendant in a criminal proceeding

under the age of eighteen years shall, upon the ascertainment of his age by the court, be transferred to the juvenile court, such minor defendant may waive his right to object to the jurisdiction of the criminal court; and his failure to so object constitutes a waiver of that right. *State ex rel. Hinkle v. Skeen,* 138 W. Va. 116, 75 S. E. 2d 223. Where a court has jurisdiction of the subject matter of a case, a defendant may waive the right to challenge the court's jurisdiction of his person. *Anderson v. Anderson,* 121 W. Va. 103, 1 S. E. 2d 884; *Yates v. Taylor County Court,* 47 W. Va. 376, 35 S. E. 24.

In the instant case the petitioner, represented by counsel, did not raise the procedural question in relation to a transfer to the juvenile court, but submitted to the jurisdiction of the intermediate court and entered a guilty plea. See 43 C. J. S., Infants, Section 98 and cases cited in the footnotes thereto. Furthermore, one judge, serving in two capacities, presides over the juvenile and criminal courts of Ohio County. Can Code, 1931, 49-5-3, as amended, be construed to mean that the judge of the intermediate court, having jurisdiction of criminal cases, is required to certify the case to himself as judge of the juvenile court and then back to himself as judge of the intermediate court before this petitioner could be tried for the crime charged? The circumstances of this case require an answer in the negative.

It is the final contention of the petitioner that by reason of his commitment by the juvenile court to the industrial school, the indictment for the same offense and plea thereto, resulting in a sentence of confinement in the penitentiary, constitutes double jeopardy and such sentence is void. This contention is without merit. The constitution of this state, Article III, Section 5, provides in part: "* * * * nor shall any person, in any criminal case, be compelled to be a witness against himself, or be twice put in jeopardy of life or liberty for the same offense." This provision, by

its express language, deals only with a criminal case. One is in jeopardy when he has been placed on trial on a valid indictment, before a court of competent jurisdiction, has been arraigned, has pleaded and a jury has been impaneled and sworn. He is then in danger of conviction and punishment. 2 M. J. Autrefois, Acquit and Convict, Section 4.

Bernard Brooks was placed in that position just one time, that being when he was indicted, arraigned and entered a plea in the intermediate court. The proceedings before the juvenile court were not criminal and could not therefore operate to place him in jeopardy. A juvenile court does not possess criminal jurisdiction and is not empowered to sentence a juvenile for the commission of a crime. *State ex rel. Firestone v. Adams,* 145 W. Va. 194, 113 S. E. 2d 830. Nor does such court act pursuant to an indictment. As stated in Point 3 of the syllabus of *State ex rel. Hinkle v. Skeen,* 138 W. Va. 116, 75 S. E. 2d 223: ''The exclusive jurisdiction granted to juvenile courts by Code, 49-5-3, as amended, dealing with trials of persons under eighteen years of age, charged with having committed criminal offenses, relates only to trials of such persons as to charges of juvenile delinquency, and not to trials and punishment for criminal offenses.'' In the opinion of that case the court said: ''The trial of a juvenile for delinquency is in no sense a criminal trial. Such a trial is in fact for the purpose of relieving a juvenile of a criminal trial, at least in most cases.''

Inasmuch as the proceedings in the juvenile court were not criminal in nature, the action taken by the Intermediate Court of Ohio County, pursuant to the indictment and the petitioner's plea thereto, did not constitute double jeopardy. That court had jurisdiction of the offense and of the person and the sentence imposed by it is valid.

For the reasons stated herein the judgment of the Circuit Court of Marshall County is reversed and the case is remanded with directions that Bernard Brooks

be remanded to the custody of the warden of the West Virginia Penitentiary.

*Reversed and remanded with directions.*