IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2017 Term

_____

Nos. 16-0677

_____

STATE OF WEST VIRGINIA,
Respondent

v.

J.E.,
Petitioner

**FILED**
**February 14, 2017**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Certified Questions from the Circuit Court of Webster County
The Honorable Jack Alsop, Judge
Case No. 09-JD-3

CERTIFIED QUESTIONS ANSWERED

_____

Submitted: February 7, 2017
Filed: February 14, 2017

Daniel R. Grindo, Esq.
Law Office of Daniel R. Grindo, PLLC
Gassaway, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Erica N. Peterson, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Amicus Curiae
Patrick Morrisey, in his official
Capacity as Attorney General of West
Virginia

Dwayne C. Vandevender, Esq.
Webster County Prosecuting Attorney
Webster Springs, West Virginia
Counsel for the Respondent

&
_____

Nos. 16-0723
_____

STATE OF WEST VIRGINIA,
Respondent

v.

Z.M.,
Petitioner

_____

Certified Questions from the Circuit Court of Webster County
The Honorable Jack Alsop, Judge
Case No. 14-JD-1

CERTIFIED QUESTIONS ANSWERED

_____

Submitted: February 7, 2017
Filed: February 14, 2017

Timothy V. Gentilozzi, Esq.                Dwayne C. Vandevender, Esq.
Gentilozzi & Associates                    Webster County Prosecuting Attorney
Clarksburg, West Virginia                  Webster Springs, West Virginia
Counsel for the Petitioner                 Counsel for the Respondent

Patrick Morrisey, Esq.
Attorney General
Erica N. Peterson, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Amicus Curiae
Patrick Morrisey, in his official
Capacity as Attorney General of West Virginia

JUSTICE KETCHUM delivered the Opinion of the Court.
CHIEF JUSTICE LOUGHRY concurs in part and dissents in part and reserves the right
to file a separate opinion
JUSTICE WALKER concurs and reserves the right to file a concurring opinion.

1.      "An adjudication of juvenile delinquency by a juvenile court shall not be deemed a conviction." Syllabus Point 3, *State ex rel. Slatton v. Boles*, 147 W.Va. 674, 130 S.E.2d 192 (1963).

2.      "Inasmuch as proceedings in a juvenile court cannot result in a criminal conviction, such proceedings do not, in a legal sense, place the juvenile in jeopardy and cannot, therefore, constitute a basis for the defense of double jeopardy." Syllabus Point 4, *Brooks v. Boles*, 151 W.Va. 576, 153 S.E.2d 526 (1967).

3.      Because this Court, in Syllabus Point 3 of *State ex rel. Slatton v. Boles*, 147 W.Va. 674, 130 S.E.2d 192 (1963), and the Legislature, in W.Va. Code § 49-4-103 [2015], have determined that a juvenile adjudication of delinquency shall not be deemed a conviction, we find the phrase "any person who has been convicted of an offense" contained in W.Va. Code § 15-12-2(b) [2012], does not include a juvenile who has been adjudicated delinquent.

4.      Sexual assault in the first degree in violation of W.Va. Code § 61-8B-3(a)(2) [2006] and sexual assault in the second degree in violation of W.Va. Code § 61-8B-4(a)(1) [1991] are "violent or felonious" crimes.  Thus, under W.Va. Code § 49-5-101(g) [2016], the name and identity of any juvenile adjudicated or convicted of sexual

assault in the first degree in violation of W.Va. Code § 61-8B-3(a)(2), or sexual assault in the second degree in violation of W.Va. Code § 61-8B-4(a)(1), may be made available to the public in accordance with the disclosure provisions contained in W.Va. Code § 49-5-103 [2015].

Justice Ketchum:

In these consolidated juvenile matters we consider two certified questions submitted to this Court from the circuit court of Webster County. The certified questions are as follows:

> 1. Does the phrase "any person" within the meaning of W.Va. Code § 15-12-2(b) of the "Sex Offender Registration Act," W.Va. Code § 15-12-1, *et seq.*, include a juvenile who has been adjudicated for having committed acts of delinquency which would require said person, once having reached the age of eighteen, to register as a sexual offender as required by law?

> 2. Do the acts of Sexual Assault in the First Degree in violation of W.Va. Code § 61-8B-3(a)(2); and Sexual Assault in the Second Degree in violation of W.Va. Code § 61-8B-4(a)(1) qualify as "violent or felonious crime[s]" under W.Va. Code § 49-5-101(g) which allows for public disclosure of the name and identity of any juvenile adjudicated or convicted of a violent or felonious crime?

After thorough review, we answer the first question in the negative and the second question in the affirmative.

The sex offender statutes we are asked to consider are clear, expressed in plain language, and unambiguous. This Court does not sit as a superlegislature, commissioned to pass upon the social, political, or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation according to the plain language of the statutes enacted by the Legislature unless it runs afoul of the State or Federal Constitutions. It is not the duty of

1

this Court to interpret a statute contrary to its plain language or to read into it that which it does not say.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

We begin by presenting the facts of the two juvenile matters consolidated herein.[1]

### A. State v. J.E.

On April 27, 2009, J.E. was charged by juvenile petition with attempted sexual assault in the second degree in violation of W.Va. Code § 61-11-8 [2002] and § 61-8B-4 [1991]; and sexual abuse in the first degree in violation of W.Va. Code § 61-8B-7 [2006]. The petition alleged that J.E. rubbed "his penis against the vagina of [the victim] who was eighteen months old." J.E. was thirteen years old when this incident occurred.

On December 9, 2009, J.E. entered into an admission agreement wherein he admitted to the charge of first degree sexual abuse and pled no contest to the charge of attempted second degree sexual assault. The circuit court held a disposition hearing on

---

[1] We adhere to our usual practice in cases involving sensitive facts and do not refer to the parties using their full names. *See In re Clifford K.*, 217 W.Va. 625, 619 S.E.2d 138 (2005). *See also* Rule 40(e) of the Rules of Appellate Procedure.

2

April 2, 2010, and ruled that J.E. "was adjudicated a juvenile delinquent for the criminal act of Attempted Sexual Assault in the 2nd Degree and Sexual Abuse in the 1st Degree." The circuit court ordered J.E. to be placed within the Department of Juvenile Services until his twenty-first birthday or until further order of the court. On March 4, 2013, J.E. was placed on probation until his twenty-first birthday.

The circuit court held a review hearing on February 1, 2016. Counsel for J.E. sought dismissal of the case once J.E. reached the age of twenty-one, the maximum age upon which the court could maintain jurisdiction. The issue was then raised whether "based on the nature of the offenses for which the juvenile stands adjudicated as a delinquent child, the juvenile should be required to register as a lifetime sexual offender upon reaching the age twenty-one." The circuit court instructed the parties to file briefs on this issue. By order entered on July 8, 2016, the circuit court certified two questions to this Court. *See* page 1, *infra*. The circuit court explained its reason for certification as follows:

> The sexual registration of a juvenile presents an issue of law not directly addressed on a prior occasion by the West Virginia Supreme Court of Appeals, which this Court finds integral to its resolution of the pending issue in the above-styled case based on the nature and seriousness of the offenses committed herein.

Thereafter, this Court accepted the two certified questions.

3

**B. State v. Z.M.**

On July 30, 2014, Z.M. was charged by juvenile petition with two counts of sexual assault in the first degree in violation of W.Va. Code § 61-8B-3(a)(2) [2006], and one count of sexual abuse in the first degree in violation of W.Va. Code § 61-8B-7(a)(3). The petition alleged that Z.M., who was fifteen-years old, assaulted M.B., a nine-year old. The juvenile petition was amended on August 22, 2014. In the amended petition, Z.M. was charged with five additional counts: four counts of sexual abuse in the first degree in violation of W.Va. Code § 61-8B-7(a)(3), and one count of sexual assault in the second degree in violation of W.Va. Code § 61-8B-4(a)(1). These additional counts resulted from an incident that occurred when Z.M. was fifteen and assaulted J.N., a nine-year old.

On April 3, 2015, Z.M. entered into an admissions agreement wherein he pled no contest to the charge of 1) sexual assault in the first degree of M.B., and 2) sexual assault in the second degree of J.N. Thereafter, the circuit court entered an admissions hearing order in which it ruled that Z.M. was "**ADJUDICATED** a delinquent child under the meaning of the law." (Emphasis in original).

The circuit court held a disposition hearing on September 16, 2015, and noted that Z.M. "was adjudicated by pleading no contest to sexual assault in the 1st and 2nd degree." The circuit court's order following the disposition hearing provides, "[t]he Court is limited in what it can do because it takes a motion of the State to try the juvenile as an adult, which the State could have done in this case, but which the State elected not

4

to do." The circuit court ordered Z.M. to be placed within the Department of Juvenile Services until his twenty-first birthday.

The circuit court took the issue of juvenile sexual offender registration under advisement at the disposition hearing and ordered the parties to file briefs on this issue. On July 27, 2016, the circuit court certified two questions to this Court. *See* page 1, *infra*. Thereafter, this Court accepted the two certified questions.

## II.

## STANDARD OF REVIEW

When this Court is called upon to resolve a certified question, we employ a plenary review. "A de novo standard is applied by this Court in addressing the legal issues presented by a certified question from a federal district or appellate court." Syllabus Point 1, *Light v. Allstate Ins. Co.*, 203 W.Va. 27, 506 S.E.2d 64 (1998); *accord* Syllabus Point 1, *Bower v. Westinghouse Elec. Corp.*, 206 W.Va. 133, 522 S.E.2d 424 (1999) ("This Court undertakes plenary review of legal issues presented by certified question from a federal district or appellate court."). With this standard in mind, we proceed to examine the parties' arguments.

## III.

## ANALYSIS

The circuit court has certified two questions to this Court. Before addressing the individual questions, we note that the questions address two separate

issues. The first question concerns whether a juvenile adjudicated of certain acts of delinquency is required to register under our sex offender registration statute, W.Va. Code § 15-12-2(b) [2012]. The second question asks whether the nature of the crimes underlying the two juvenile delinquency petitions, first and second degree sexual assault, allows for the public disclosure of the names of the juveniles pursuant to W.Va. Code § 49-5-101(g). With this background in mind, we proceed to consider the two certified questions.

### A. First Certified Question

The first certified question is as follows:

> Does the phrase "any person" within the meaning of W.Va. Code § 15-12-2(b) of the "Sex Offender Registration Act," W.Va. Code § 15-12-1, *et seq.*, include a juvenile who has been adjudicated for having committed acts of delinquency which would require said person, once having reached the age of eighteen, to register as a sexual offender as required by law?

Answering this question requires us to analyze W.Va. Code § 15-12-2(b) contained in the Sex Offender Registration Act, W.Va. Code § 15-12-1 [1999], *et seq.* W.Va. Code § 15-12-2(b) provides:

> (b) Any person who has been convicted of an offense or an attempted offense or has been found not guilty by reason of mental illness, mental retardation or addiction of an offense under any of the following provisions of chapter sixty-one of this code or under a statutory provision of another state, the United States Code or the Uniform Code of Military Justice which requires proof of the same essential elements shall register as set forth in subsection (d) of this section and according to the internal management rules promulgated by

6

the superintendent under authority of section twenty-five, article two of this chapter:

(1) Article eight-a;

(2) Article eight-b, including the provisions of former section six of said article, relating to the offense of sexual assault of a spouse, which was repealed by an Act of the Legislature during the year 2000 legislative session;

(3) Article eight-c;

(4) Sections five and six, article eight-d;

(5) Section fourteen, article two;

(6) Sections six, seven, twelve and thirteen, article eight; or

(7) Section fourteen-b, article three-c, as it relates to violations of those provisions of chapter sixty-one listed in this subsection.

West Virginia Code § 15-12-2(b) requires "[a]ny person who has been *convicted* of an offense or an attempted offense . . . under any of the following provisions of chapter sixty-one of this code" to register as a sex offender. (Emphasis added). Defendant J.E. was "adjudicated a juvenile delinquent for the criminal act of Attempted Sexual Assault in the 2nd Degree and Sexual Abuse in the 1st Degree." Defendant Z.M. was adjudicated "a delinquent child under the meaning of the law" for the criminal acts of sexual assault in the first degree and sexual assault in the second degree. West Virginia Code § 15-12-2(b) requires "[a]ny person who has been convicted of an offense or an attempted offense . . . under any of the following provisions of chapter sixty-one of this code" to register as a sex offender. Thus, the issue we address is whether the phrase "any person who has been convicted of an offense" contained in W.Va. Code § 15-12-2(b) includes juveniles who were "adjudicated" delinquent.

The resolution of this issue begins with a review of our rules of statutory construction. This Court has held that in deciding the meaning of a statutory provision,

7

"[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995); *see also* Syllabus Point 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); and Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

Additionally, this Court has held that "[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Sizemore v. State Farm Gen. Ins. Co.*, 202 W.Va. 591, 596, 505 S.E.2d 654, 659 (1998) (internal quotations and citation omitted). With these rules of statutory construction in mind, we turn to the parties' arguments.

The present dispute centers around the parties' conflicting interpretations of the phrase "[a]ny person who has been convicted of an offense" contained in W.Va. Code § 15-12-2(b). The State claims in its brief that

> [t]his Court has long held that many of our statutes and constitutional guarantees which are commonly accepted as applying to persons "convicted" of a crime also apply to juveniles that have been "adjudicated" as delinquent for

8

offenses which would have been criminal acts had they been adults.

Further, the State asserts that the phrase "any person who has been convicted of an offense" should be read to include a juvenile who is adjudicated delinquent in light of the Adam Walsh Act, 42 U.S.C. §§ 16901-16991 [2006]. The Adam Walsh Act is a piece of federal legislation that "increased the severity of sex offender registration and classification, requiring more strict and stringent supervision of people convicted or adjudicated of sex offenses." Daniel Schubert, *Challenging Ohio's Adam Walsh Act: Senate Bill 10 Blurs the Line Between Punishment and Remedial Treatment of Sex Offenders*, 35 Univ. of Dayton L. Rev. 277 (2010).

By contrast, J.E. argues that the terms "convicted" and "adjudicated" are not the same and should not be interpreted by this Court to be interchangeable. Additionally, J.E. asserts that certain conditions must be met before a juvenile delinquency petition may be transferred to the criminal jurisdiction of the court. According to J.E., these conditions and the process which must be followed before transferring a juvenile to the criminal jurisdiction of the court, set forth in Rule 20 of the West Virginia Rules of Juvenile Procedure, demonstrate that there is a substantial difference between juvenile court and the criminal jurisdiction of the court. In the

present case, the State did not transfer the juvenile matters to the criminal jurisdiction of the court.[2]

After review, we find that the Legislature and this Court have determined that a juvenile adjudication is not a conviction. In Syllabus Point 3 of *State ex rel. Slatton v. Boles*, 147 W.Va. 674, 130 S.E.2d 192 (1963), this Court held: "An adjudication of juvenile delinquency by a juvenile court shall not be deemed a conviction." Further, in Syllabus Point 4 of *Brooks v. Boles*, 151 W.Va. 576, 153 S.E.2d 526 (1967), the Court noted that a proceeding in a juvenile court cannot result in a criminal conviction. The Court held: "Inasmuch as *proceedings in a juvenile court cannot result in a criminal conviction*, such proceedings do not, in a legal sense, place the juvenile in jeopardy and cannot, therefore, constitute a basis for the defense of double jeopardy." (Emphasis added).

---

[2] The first certified question before this Court asks whether "a juvenile who has been adjudicated for having committed acts of delinquency . . ." may be required to register as a sexual offender pursuant to W.Va. Code § 15-12-2(b). This question does not address whether a juvenile who has been transferred to the criminal jurisdiction of the court pursuant to Rule 20 of the West Virginia Rules of Juvenile Procedure or W.Va. Code § 49-4-710 [2015], and is subsequently convicted of a criminal offense must register as a sexual offender pursuant to W.Va. Code § 15-12-2(b). That issue is not before the Court in these matters because neither juvenile was transferred to the criminal jurisdiction of the court. The circuit court's disposition order in Z.M.'s case included a comment on this fact: "The Court is limited in what it can do because it takes a motion of the State to try the juvenile as an adult, which the State could have done in this case, but which the State elected not to do."

10

The Legislature has also made it clear that a juvenile adjudication is not a criminal conviction. West Virginia Code § 49-4-103 [2015] provides:

> Any evidence given in any cause or proceeding under this chapter, or any order, judgment or finding therein, or any adjudication upon the status of juvenile delinquent heretofore made or rendered, may not in any civil, criminal or other cause or proceeding whatever in any court, be lawful or proper evidence against the child for any purpose whatsoever except in subsequent cases under this chapter involving the same child; nor may the name of any child, in connection with any proceedings under this chapter, be published in any newspaper without a written order of the court; nor may any adjudication upon the status of any child by a juvenile court operate to impose any of the civil disabilities ordinarily imposed by conviction, nor may any child be deemed a criminal by reason of the adjudication, **nor may the adjudication be deemed a conviction**, nor may any adjudication operate to disqualify a child in any future civil service examination, appointment, or application.

(Emphasis added).

The two juveniles in the present matters were adjudicated delinquent in juvenile court. As W.Va. Code § 49-4-103 makes clear, these juvenile adjudications may not be used under another chapter of the code, such as our sex offender registration statute, W.Va. Code 15-12-2(b), for any purpose whatsoever:

> [A]ny adjudication upon the status of juvenile delinquent heretofore made or rendered, may not in any civil, criminal or other cause or proceeding whatever in any court, be lawful or proper evidence against the child for any purpose whatsoever except in subsequent cases under this chapter involving the same child[.]

Notwithstanding the foregoing, the State urges this Court to conclude that the phrase "any person who has been *convicted of an offense*" contained in W.Va. Code §

11

15-12-2(b) should be read to encompass a juvenile who is *adjudicated delinquent*. In addition to the clear statements from this Court and the Legislature that a juvenile adjudication is not a conviction, we note that when the Legislature intends to include convicted persons and adjudicated juveniles in the same statute, it does so explicitly. For instance, W.Va. Code § 62-11B-2 [1994], contained in the "Home Incarceration Act," provides, "[t]his article applies to adult offenders *and* to juveniles who have committed a delinquent act that would be a crime if committed by an adult." (Emphasis added).

Similarly, in analyzing the meaning of the phrase "[a]ny person who has been convicted of an offense" contained in W.Va. Code § 15-12-2(b), we are guided by the precept that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Appalachian Power Co. v. State Tax Dept.*, 195 W.Va. 573, 586, 466 S.E.2d 424, 437 (1995). Had the Legislature intended to include adult offenders convicted of a criminal offense *and* adjudicated juvenile delinquents in W.Va. Code § 15-12-2(b), we presume it would have done so explicitly. *See Stinson v. Com.,* 396 S.W.3d 900, 903 (Ky. 2013) (internal citations omitted) ("The plain meaning of the statutory language is presumed to be what the legislature intended."); *Fox v. Fox*, 61 Va.App. 185, 196, 734 S.E.2d 662, 667 (2012) ("We look to the plain meaning of the statutory language, and presume that the legislature chose, with care, the words it used when it enacted the relevant statute."); *State v. Rama*, 689 A.2d 776, 777 (N.J.Super.Ct.App.Div.1997) ("[W]e are not to presume that the Legislature intended something other than what it expressed by its plain language.").

A number of cases outside of our jurisdiction have addressed whether a juvenile adjudicated for certain sex offenses must register as a sex offender. In reviewing these cases, we note that statutes outside of our jurisdiction addressing this issue contain clear, explicit language requiring adjudicated juvenile sex offenders to register.

In one case, *In re Richard A.*, 946 A.2d 204 (R.I. 2008), the Supreme Court of Rhode Island rejected a juvenile's constitutional objection to the requirement that he register as a sex offender after he was adjudicated delinquent on the charge of second-degree child molestation. The court discussed the specific Rhode Island statutes requiring adjudicated juveniles to register as follows:

> Pursuant to § 11-37.1-3(a), a juvenile who has been found delinquent based on conduct that would constitute second-degree child molestation sexual assault if committed by an adult "shall be required to register his or her current address with the local law enforcement agency having jurisdiction over the city or town in which the person having the duty to register resides for the time period specified in § 11-37.1-4." **Section 11-37.1-4(j) pertains specifically to juveniles and provides**: "**Any juvenile having the duty to register under subsections (b) and (c) of this section shall be required to annually register in person with the local law enforcement agency** having jurisdiction over the city or town in which the juvenile having the duty to register resides for fifteen (15) years subsequent to the date of release from confinement or placement in the community or probation for such offense or offenses and to verify his or her address on a quarterly basis for said fifteen (15) years."

*Id.*, 946 A.2d at 211 (emphasis added).

In another case, *In re A.C.*, 54 N.E.3d 952 (Ill.App.Ct. 2016), an Illinois appellate court rejected numerous objections raised by a juvenile to the requirement that

13

he register as a sex offender after he was adjudicated delinquent of aggravated criminal sexual abuse. The Illinois statute relied upon by the court, 730 ILCS 150/3-5 [2014], entitled, "Application of Act to adjudicated juvenile delinquents," is contained in the state's sex offender registration act. The statute provides, "[i]n all cases involving an **adjudicated juvenile delinquent** who meets the definition of sex offender . . . **the court shall order the minor to register as a sex offender**." 730 ILCS 150/3-5(a) (emphasis added).

The Supreme Court of Nevada upheld a statute requiring a juvenile adjudicated for certain sex offenses to register as a sex offender in *State v. Eighth Jud. Dist. Ct. (Logan D.),* 306 P.3d 369 (Nev. 2013). The court described Nevada's sex offender registration statute as follows: "Under Nevada's . . . law, a 'sex offender' is defined to include any person who, after July 1, 1956, **has been adjudicated delinquent** for sexual assault, battery with the intent to commit sexual assault, lewdness with a child, or an attempt or conspiracy to commit any of these offenses, **so long as the offender was 14 years or older at the time of the offense**." 306 P.3d at 374 (emphasis added).

In sum, a review of cases from outside of our jurisdiction reveals that courts upholding laws requiring an adjudicated juvenile to register as a sex offender have done so pursuant to clear, explicit statutory direction, *i.e.* "[i]n all cases involving an adjudicated juvenile delinquent who meets the definition of sex offender . . ." 730 ILCS 150/3-5(a). By contrast, W.Va. Code § 15-12-2(b) does not include any mention of

14

juvenile offenders, nor does it make any reference to individuals *adjudicated delinquent* for committing certain sex offenses.

While the State concedes that W.Va. Code § 15-12-2(b) does not "specifically address registration of juveniles that are adjudicated delinquent based upon qualifying offenses," it asks this Court to look to the Adam Walsh Act, 42 U.S.C. §§ 16901-16991, for guidance on this issue. By way of background, this Act, also referred to as the Sex Offender Registration and Notification Act of 2006 (SORNA),

> provides a comprehensive set of minimum standards for sex offender registration and notification in the United States, aiming to close potential gaps and loopholes that existed under prior federal law, as well as strengthen[ing] the nationwide network of sex offender registration and notification programs. The underlying goals of SORNA are to curb recidivism once an initial penalty has been served and to make it easier for law enforcement authorities to track post-conviction offenders.

Jennifer N. Wang, *Paying the Piper: The Cost of Compliance with the Federal Sex Offender Registration and Notification Act*, 59 N.Y.L.Sch.L.Rev. 681, 688 (2014) (internal citation and quotation omitted).

The Adam Walsh Act defines a "sex offender" as "an individual who was convicted of a sex offense." Under the Act's definitions, the term "convicted" includes a juvenile adjudicated delinquent of a sex offense if the juvenile is fourteen years of age or older at the time the offense. 42 U.S.C. § 16911(8). The State does not argue that West Virginia has specifically adopted the Adam Walsh Act. Rather, the State argues that this

15

Court should look to the Act for guidance in determining the meaning of the phrase "any person who has been convicted of an offense" contained in W.Va. Code § 15-12-2(b).

Our review of the West Virginia sex offender registration statute, in particular W.Va. Code § 15-12-2(b), reveals that our Legislature has not amended our sex offender registration law to conform to the Adam Walsh Act. The Adam Walsh Act groups sex offenders into three tiers:

> A Tier I sex offender is a sex offender other than a Tier II or Tier III sex offender. A Tier II sex offender is a sex offender that has committed an offense that is punishable by more than one year in prison and fits within a list of offenses (which are less severe than Tier III offenses) or committed an offense after becoming a Tier I offender. A Tier III sex offender is a sex offender that has committed an offense that is punishable by more than one year in prison and is a serious offense, such as aggravated sexual abuse, or committed a sex offense while becoming a Tier II sex offender.

Schubert, *Challenging Ohio's Adam Walsh Act: Senate Bill 10 Blurs the Line Between Punishment and Remedial Treatment of Sex Offenders*, 35 Univ. of Dayton L. Rev., at 283.

Our Legislature has not adopted the three-tier sex offender system contained in the Adam Walsh Act. Similarly, our sex offender registration statute does not include any mention of a juvenile who is fourteen years of age or older being required to register as a sex offender after being adjudicated delinquent in juvenile court. Our Legislature may amend our sex offender registration statute and adopt the Adam Walsh Act in its discretion. However, our function as a reviewing Court is to interpret W.Va.

Code § 15-12-2(b) as written.  Our job is not to contort W.Va. Code § 15-12-2(b) to make it conform to the Adam Walsh Act.[3]

In conclusion, we hold that because this Court, in Syllabus Point 3 of *State ex rel. Slatton v. Boles*, 147 W.Va. 674, 130 S.E.2d 192 (1963), and the Legislature, in W.Va. Code § 49-4-103, have determined that a juvenile adjudication of delinquency shall not be deemed a conviction, we find the phrase "any person who has been convicted of an offense" contained in W.Va. Code § 15-12-2(b) [2012], does not include a juvenile who has been adjudicated delinquent.  We therefore answer the first certified question in the negative.[4]

---

[3] While the Adam Walsh Act includes financial incentives for state compliance, we note that as of 2014 "only seventeen states . . . were found to have substantially implemented SORNA's requirements" according to an assessment performed by the agency responsible for determining whether a jurisdiction has implemented the Act's baseline requirements. Wang, *Paying the Piper: The Cost of Compliance with the Federal Sex Offender Registration and Notification Act*, 59 N.Y.L.Sch.L.Rev. at 695. West Virginia was not one of the seventeen states found to have substantially implemented the Act's requirements. *Id.*  Additionally, the cost of implementing all of the Act's requirements may not be cost effective for every state: "[S]ome states have debated whether the costs of complying with the law outweigh its financial benefits." *Id.* at 697.

[4] Z.M. argued that requiring a juvenile to register as a sex offender would violate his Eighth (cruel and unusual punishment) and Fourteenth (due process) Amendment rights. Because we find that W.Va. Code § 15-12-2(b) does not include a juvenile adjudicated delinquent for committing certain sexual offenses, we decline to consider these two arguments.

## B. Second Certified Question

The second certified question is as follows:

> Do the acts of Sexual Assault in the First Degree in violation of W.Va. Code § 61-8B-3(a)(2); and Sexual Assault in the Second Degree in violation of W.Va. Code § 61-8B-4(a)(1) qualify as "violent or felonious crime[s]" under W.Va. Code § 49-5-101(g) which allows for public disclosure of the name and identity of any juvenile adjudicated or convicted of a violent or felonious crime?

As a general matter, records of juvenile proceedings are not open for public inspection. Rule 49 of the West Virginia Rules of Juvenile Procedure provides:

> Juvenile proceedings conducted under Chapter 49 of the West Virginia Code are not public proceedings. Additionally, the records of these proceedings are not open for public inspection. Disclosure of juvenile records is not permitted, *unless specifically authorized pursuant to West Virginia Code §§ 49-5-101* or 49-5-103. Provided, however, in the interest of assuring that any determination made in proceedings before a family court arising under West Virginia Code, Chapter 48, or West Virginia Code § 44-10-3, does not contravene any determination made by a circuit court in a prior or pending juvenile proceeding, family courts and staff shall have access to all circuit court orders and case indexes in this State in all juvenile proceedings.

(Emphasis added).

West Virginia Code § 49-5-101(g) [2016] provides an exception to this general non-disclosure rule. It states: "Notwithstanding the provisions of this section, or any other provision of this code to the contrary, the name and identity of any juvenile adjudicated or convicted of a violent or felonious crime shall be made available to the public." The issue presented in the second certified question is whether sexual assault in

18

the first degree as set forth in W.Va. Code § 61-8B-3(a)(2),[5] and sexual assault in the second degree as set forth in W.Va. Code § 61-8B-4(a)(1),[6] are "violent or felonious" crimes that would permit disclosure to the public under W.Va. Code § 49-5-101(g).

This Court has held that first degree sexual assault as set forth in W.Va. Code § 61-8B-3(a)(2) is a crime involving violence to a person. In Syllabus Point 1 of *State ex rel. Spaulding v. Watt*, 188 W.Va. 124, 423 S.E.2d 217 (1992), the Court held, in relevant part, "The offense of first degree sexual assault under W.Va. Code, 61-8B-3(a)(2) (1984), involves violence to a person[.]"

---

[5] W.Va. Code § 61-8B-3(a)(2), provides:

> (a) A person is guilty of sexual assault in the first degree when: . . .
> (2) The person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is younger than twelve years old and is not married to that person.

[6] W.Va. Code § 61-8B-4(a)(1), provides:

> (a) A person is guilty of sexual assault in the second degree when:
> (1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion.

Similarly, the Legislature has addressed "violence" in the context of both first and second degree sexual assault, and has determined them to be sexually violent offenses. West Virginia Code § 15-12-2(i) states that "sexually violent offense" means:

> (1) Sexual assault in the first degree as set forth in section three, article eight-b, chapter sixty-one of this code or of a similar provision in another state, federal or military jurisdiction;

> (2) Sexual assault in the second degree as set forth in section four, article eight-b, chapter sixty-one of this code or of a similar provision in another state, federal or military jurisdiction.

Based on the this Court's ruling in *Spaulding*, and on W.Va. Code § 15-12-2(i), we hold that sexual assault in the first degree in violation of W.Va. Code § 61-8B-3(a)(2) and sexual assault in the second degree in violation of W.Va. Code § 61-8B-4(a)(1) are "violent or felonious" crimes. Thus, under W.Va. Code § 49-5-101(g), the name and identity of any juvenile adjudicated or convicted of sexual assault in the first degree in violation of W.Va. Code § 61-8B-3(a)(2), or sexual assault in the second degree in violation of W.Va. Code § 61-8B-4(a)(1), may be made available to the public in accordance with the disclosure provisions contained in W.Va. Code § 49-5-103 [2015].

Finally, as noted above, the process for disclosing juvenile records that may be made available to the public is set forth in W.Va. Code § 49-5-103. The second certified question does not ask this Court to discuss how the two juvenile adjudication records in the present matters should be disclosed to the public. We note generally that under W.Va. Code § 49-5-103(e), "[a]ny records open to public inspection pursuant to

20

this section are subject to the same requirements governing the disclosure of adult criminal records."[7]

## IV.

## CONCLUSION

Based on the foregoing, we answer the first certified question in the negative, and the second certified question in the affirmative.

Certified Questions Answered.

---

[7] *See* W.Va. Code § 49-5-103 setting forth, in detail, the process for disclosing juvenile records that may be made available to the public.