# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0791** (Cabell County No. 19-F-228)

**Jeremy Dale Bartram,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jeremy Dale Bartram appeals the July 11, 2020, order of the Circuit Court of Cabell County that sentenced him on multiple counts related to a non-fatal shooting on June 20, 2018.[1] At 3:30 a.m. that day, sheriff's deputies were dispatched to a home where they found Vicky Emerick and Casey Emerick (Vicky's adult son) on the living room floor bleeding from multiple gunshot wounds. Karson Emerick (Casey's young son) had a bullet fragment in his chest. The victims identified the shooter as petitioner Jeremy Dale Bartram. Petitioner and Shea Emerick (Vicky's daughter, who also lived in the house) have a child together who was in the house at the time of the shooting. Also in the house was Casey's then-fiancée/now-wife, Rebecca Sanders. Detectives determined that petitioner fired fourteen shots: the first three were fired into Casey's bedroom window, and the remainder were fired through the living room window and struck Vicky, Casey, and Karson. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner was charged in a superseding indictment with eighteen felony counts (one count of burglary; fourteen counts of wanton endangerment, one for each shot fired; and three counts of attempt to commit the first-degree murder of Vicky, Casey, and Karson); and two misdemeanor counts (fleeing without a vehicle and obstructing an officer). Before petitioner's trial, the circuit court heard the State's motion to introduce evidence under Rule 404(b) of the West Virginia Rules of Evidence regarding petitioner's past threats to, and altercations with, the victims between 2012 and 2018. The circuit court granted the motion, finding that petitioner's acts were relevant to prove petitioner's motive and intent and their probative value outweighed any prejudice.

At petitioner's trial, Casey's wife testified that, at the time of shooting, she saw petitioner through the living room window. Casey testified that petitioner (1) was the shooter, (2) was familiar with the Emerick family home, and (3) knew where Casey's bedroom was located in the

---

[1] Petitioner appears by counsel Abraham J. Saad and Eric B. Anderson. Respondent appears by Patrick Morrisey and Lara K. Bissett.

1

house. Vicky testified that she saw petitioner "put his head through the window . . . and he was shooting . . . everywhere." Shea testified to her history with petitioner, recounted the threats he had made to her and to her family over the years, and said that petitioner seemed "fixated" on Casey. Petitioner did not testify or present any evidence. A jury found petitioner guilty on each count of the indictment. On July 11, 2021, the trial court sentenced petitioner to (1) not less than one nor more than fifteen years in prison for burglary (breaking or entering into a dwelling house); (2) five years in prison for each of the fourteen counts of wanton endangerment; (3) not less than three nor more than fifteen years in prison on each of the three counts of attempt to commit first-degree murder; (4) one year in jail for fleeing without a vehicle; and (5) one year in the jail for obstructing an officer. The court ordered the sentences to run consecutively to one another. Petitioner now appeals raising five assignments of error.

Petitioner first argues that the trial court violated Rule 404(b) of the Rules of Evidence by allowing evidence at his trial of his prior bad acts towards members of the Emerick family. We note that the circuit court gave a limiting instruction cautioning the jury not to consider the evidence as proof of petitioner's guilt on any of the charges and that the evidence was admitted solely as proof of petitioner's motive and intent. Nevertheless, petitioner contends that the evidence's prejudicial effect outweighed any benefit and was irrelevant and unreliable. West Virginia Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Under Rule 401, evidence having *any* probative value whatsoever can satisfy the relevancy definition." *McDougal v. McCammon*, 193 W.Va. 229, 236, 455 S.E.2d 788, 795 (1995). Here, the evidence of petitioner's prior bad acts tended to make petitioner's motive in the shooting more probable and was not unduly prejudicial under West Virginia Rule of Evidence 403. "The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse." Syl. Pt. 10, in part, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994). Here, we discern no abuse of discretion in the record and, therefore, reject this assignment of error.

Petitioner next argues that the second grand jury presentment, which included additional wanton endangerment charges that were not part of the first grand jury presentment, raised issues of double jeopardy by exposing him to multiple convictions for the same act. "[A] double jeopardy claim [is] reviewed *de novo*." Syl. Pt. 1, in part, *State v. Sears*, 196 W. Va. 71, 468 S.E.2d 324 (1996). Petitioner cites no legal authority supporting his argument and admits that trying a defendant on charges of wanton endangerment for each shot fired in conjunction with charges of attempted murder does not violate the prohibition against double jeopardy. *State v. Evans*, No. 11-0170, 2011 WL 8199954 (W. Va. Supreme Court, Sept. 13, 2011) (memorandum decision); *State v. Collins*, No. 19-0633, 2020 WL 5269836 (W. Va. Supreme Court, Sept. 4, 2020) (memorandum decision). Moreover, to the extent that petitioner challenges the second grand jury presentment on double jeopardy grounds, "jeopardy does not attach until a defendant 'has been placed on trial on a valid indictment,'" that is, until he "'has been arraigned, has pleaded and a jury has been impaneled and sworn.' *Brooks v. Boles*, 151 W. Va. 576, 153 S.E.2d 526, 530 (1967)." *State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 664, 383 S.E.2d 844, 846 (1989) (emphasis added). Thus, petitioner's superseding indictment resulting from the second grand jury presentment did not violate double jeopardy principles because it was obtained by the State two years before his jury was impaneled and sworn.

In his third assignment of error, petitioner claims that there was insufficient evidence to support the jury's verdict. However, petitioner fails to address "insufficient evidence" in his brief to the Court and, instead, argued "cumulative error" which he did not raise in his assignments of error. Thus, petitioner has waived his insufficient evidence claim.

In petitioner's fourth assignment of error, he argues that the trial court should have given his proposed jury instruction (which included an option for the jury to find that the underlying felony was second-degree murder) on the count of attempt to commit first-degree murder relating to Casey Emerick.

> A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

Syl. Pt. 4, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Petitioner admits that the trial court rejected the instruction on the ground that it saw no evidence that petitioner acted without deliberation or premeditation. Moreover, in discussing the suggested jury instruction with the trial court, petitioner's counsel conceded that the instruction was not proper in petitioner's case. Thus, petitioner cannot now claim that the trial court erred in refusing to give the instruction.

In his fifth and final assignment of error, petitioner contests the trial court's imposition of consecutive sentences arguing that, before the shooting, he had no prior convictions and none of his twenty sentences were enhanced. We review sentencing orders under a deferential abuse of discretion standard unless the order violates statutory or constitutional commands. Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Petitioner cites no law in support of his claim that the trial court abused its discretion in sentencing him to consecutive terms of imprisonment. Nor does petitioner argue that his sentences are outside statutory limits or based on impermissible factors. "As a general proposition, [the Court] will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute." *State v. Sugg*, 193 W. Va. 388, 406, 456 S.E.2d 469, 487 (1995). Further, consecutive sentences are the rule and not the exception:

> """When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Syl. Pt. 4, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). Accordingly, we find no error.

Affirmed.

**ISSUED:**  December 6, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4