IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2026 Term

_____

No. 25-16

_____

**FILED**

**March 6, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL. STATE OF WEST VIRGINIA,
Plaintiff Below, Petitioner,

V.

THE HONORABLE JASON A. CUOMO, JUDGE OF
THE CIRCUIT COURT OF BROOKE COUNTY, WEST VIRGINIA;
THOMAS ANTHONY SMOGONOVICH,
Respondents.

_____

Petition for a Writ of Prohibition

WRIT GRANTED

_____

Submitted: January 14, 2026
Filed: March 6, 2026

John B. McCuskey, Esq.
Attorney General
Holly M. Mestemacher, Esq.
Assistant Attorney General
Office of the Attorney General
Charleston, West Virginia
Attorneys for the Petitioner

John M. Jurco, Esq.
John M. Jurco, LLC
St. Clairsville, Ohio
Attorney for the Respondent Thomas
Anthony Smogonovich

CHIEF JUSTICE BUNN delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.    "The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented." Syllabus Point 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded on other grounds by statute as recognized in State v. Butler*, 239 W. Va. 168, 179 n.27, 799 S.E.2d 718, 729 n.27 (2017).

2.    "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ had no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's

i

order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

3.     "A circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists." Syllabus Point 3, *State ex rel. State v. Gwaltney*, 249 W. Va. 706, 901 S.E.2d 70 (2024).

**BUNN, Chief Justice:**

A Brooke County grand jury returned an indictment in November 2023 alleging that Mr. Smogonovich committed three felony counts of failure to register as a sex offender for not providing certain information to the West Virginia State Police ("State Police").[1] Mr. Smogonovich moved to dismiss the indictment, asserting that his Ohio juvenile delinquency adjudication for a sex offense was not a conviction requiring registration pursuant to the Sex Offender Registration Act ("SORA") and prior holdings of this Court. The circuit court agreed and dismissed the indictment.[2] The State then filed a petition for a writ of prohibition, asking this Court to prohibit the circuit court from enforcing its dismissal order. Finding that the circuit court exceeded its legitimate authority and invaded the province of the grand jury, we grant the writ.

---

[1] Throughout this opinion, we discuss the provisions of the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to 15-12-10, in effect at the time of the offenses alleged in the indictment.

[2] While the Honorable Jason A. Cuomo, Judge of the First Judicial Circuit, which serves Brooke, Hancock, and Ohio Counties, is listed as one of the original respondents in this matter, he did not issue the order that is the subject of the petition for a writ of prohibition. The Honorable Ronald E. Wilson issued the order before he retired.

# I.

## FACTUAL AND PROCEDURAL HISTORY

In early November 2023, a Brooke County grand jury charged Mr. Smogonovich with three counts of felony failure to register as a sex offender. All three counts alleged that he failed "to provide a change in information required under West Virginia law[,]" that "he was a person who was required to register for life," and that he "was convicted of the felony offense of 'Gross Sexual Imposition'" previously in Ohio. Count One alleged that he failed to advise the State Police that he had moved to Brooke County within ten days of a change in residence from another West Virginia county. Counts Two and Three alleged that he failed to advise the State Police of his place of employment and that he obtained an Instagram account, respectively. For each count, the indictment cited West Virginia Code § 15-12-8(b) as the statute Mr. Smogonovich allegedly violated.

Mr. Smogonovich moved the circuit court to dismiss the indictment, arguing that his previous Ohio juvenile delinquency adjudication for a sex offense was not a qualifying conviction requiring registration. He relied both on SORA's statutory provisions and this Court's prior interpretation of the Act. Specifically, Mr. Smogonovich argued that the language of West Virginia Code § 15-12-2(b) (eff. 2018), which states, in relevant part, that

> Any person who has been convicted of an offense or an attempted offense . . . under any of the following provisions of this code or under a statutory provision of another state . . .

2

which requires proof of the same essential elements shall register as set forth in § 15-12-2(d) of this code[,]

does not include juvenile delinquency adjudications as convictions. In support of his contention, he relied on Syllabus Point 3, *State v. J.E.*, 238 W. Va. 543, 796 S.E.2d 880 (2017), which provides:

> Because this Court, in Syllabus Point 3 of *State ex rel. Slatton v. Boles*, 147 W. Va. 674, 130 S.E.2d 192 (1963), and the Legislature, in W. Va. Code § 49-4-103 [2015], have determined that a juvenile adjudication of delinquency shall not be deemed a conviction, we find the phrase "any person who has been convicted of an offense" contained in W. Va. Code § 15-12-2(b) [2012], does not include a juvenile who has been adjudicated delinquent.

(Alteration in original).

In response, the State claimed that he was required to register as a sex offender in West Virginia pursuant to West Virginia Code § 15-12-9(c), "even though he was adjudicated as a juvenile sex offender" in Ohio, because as a result of his juvenile delinquency adjudication, he was required to register in Ohio as a sex offender. West Virginia Code § 15-12-9(c), states, in relevant part, that

> Any person changing residence to this State from another state . . . who is required to register as a sex offender under the laws of that state . . . shall register as a sex offender in this State.

W. Va. Code § 15-12-9(c) (eff. 2006). The State provided the circuit court with Ohio court documents indicating that Mr. Smogonovich had to register in Ohio as a sex offender for a period of twenty years. The circuit court, relying on *State v. J.E.*, dismissed the indictment,

3

ultimately finding that Mr. Smogonovich's "Ohio juvenile delinquency adjudication for a sex offense cannot be considered a 'conviction'" that would require him to register under SORA. The State then filed a petition for a writ of prohibition requesting that this Court prevent the circuit court from enforcing its dismissal order.

## II.

## STANDARD OF REVIEW

As we have recently noted, "[i]n criminal cases, in limited circumstances the State may request a writ of prohibition, asking this Court to prevent a circuit court from enforcing an order[.]" *State ex rel. State v. Gwaltney*, 249 W. Va. 706, 712, 901 S.E.2d 70, 76 (2024) ("*Gwaltney I*"). Specifically,

> The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.

Syl. Pt. 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded on other grounds by statute as recognized in State v. Butler*, 239 W. Va. 168, 179 n.27, 799 S.E.2d 718, 729 n.27 (2017).

4

Furthermore, "[i]n cases where the petitioner asserts that the lower court exceeded its legitimate powers, this Court has discretion to issue the writ[.]" *Gwaltney I*, 249 W. Va. at 712, 901 S.E.2d at 76. We consider the following factors:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ had no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

## III.

## DISCUSSION

### A.  The Circuit Court Exceeded Its Legitimate Authority

The circuit court exceeded its authority when it determined that Mr. Smogonovich had no qualifying convictions subjecting him to SORA's registration requirements and dismissed the indictment. This determination prematurely weighed the

State's proffered evidence against the elements of the crimes alleged in the indictment. As the Court recently stated in Syllabus Point 3 of *Gwaltney I*, "[a] circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists." 249 W. Va. 706, 901 S.E.2d 70. A dismissal that considers evidentiary sufficiency "invade[s] the grand jury's province." *Gwaltney I*, 249 W. Va. at 715, 901 S.E.2d at 79. Rather, "[a] court may review an indictment 'only for constitutional error and prosecutorial misconduct.'" *State ex rel. State v. Gwaltney*, 250 W. Va. 695, 700, 908 S.E.2d 192, 197 (2024) ("*Gwaltney II*") (quoting *State v. Adams*, 193 W. Va. 277, 284, 456 S.E.2d 4, 11 (1995)) (footnote omitted). As the Court explained more than a century ago, when considering whether the grand jury heard "incompetent evidence" when returning an indictment,

> Very plainly a court cannot go into the question of the weight and sufficiency of the evidence to sustain the indictment, and thus review the action of the grand jury. That would be for the court to usurp the office of the grand jury, and also to usurp the office of the petit jury, because the court is not the judge of the weight of the evidence, but the grand jury in the first instance is, and finally the petit jury. When once an indictment is returned a true bill, it has legal force. You cannot go behind the return. It is not void, and it only remains to try its truth.

*State v. Woodrow*, 58 W. Va. 527, 532, 52 S.E. 545, 547 (1905);[3] *see also State ex rel. State v. Hummel*, 247 W. Va. 225, 231-32, 878 S.E.2d 720, 726-27 (2021) (quoting same

---

[3] The *Woodrow* Court determined that testimony of a wife against her spouse at trial was "improperly used against him." *State v. Woodrow*, 58 W. Va. 527, 531, 52 S.E. 545, 547 (1905). While our view of competent evidence has certainly modernized, the principles behind guarding the constitutionally-mandated grand jury process remain.

and noting that "[e]xcept in very limited circumstances involving willful and intentional fraud, a circuit court exceeds its lawful authority when it goes behind the four corners of an indictment").[4]

As we have recently explained in multiple cases, a court may not properly dismiss an indictment based on a perceived lack of evidence and has limited authority to dismiss indictments generally; we reject Mr. Smogonovich's invitation to overrule them. *Gwaltney I*, 249 W. Va. at 715, 901 S.E.2d at 79; *Gwaltney II*, 250 W. Va. at 700, 908 S.E.2d at 197; *see also* Syl. Pt. 2, *Dailey v. Bechtel Corp.*, 157 W. Va. 1023, 207 S.E.2d 169 (1974) ("An appellate court should not overrule a previous decision recently rendered without evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from the basic policy of the doctrine of stare decisis, which is to promote certainty, stability, and uniformity in the law."). Similar to the factual situation here, in *Gwaltney II*, a unanimous Court granted a writ of prohibition to preclude the lower court from dismissing an indictment alleging a defendant's failure to register as a sex offender. *See generally* 250 W. Va. 695, 908 S.E.2d 192. The *Gwaltney II* Court considered the circuit court's conclusion that "a factual basis for the indictment did not exist[,]" because the defendant "was no longer required to register as a sex offender in Ohio," and

---

[4] Recently, in *Gwaltney I*, this Court delved into the history, purpose, and constitutional underpinnings of the grand jury process. 249 W. Va. 706, 713-15, 901 S.E.2d 70, 77-79 (2024).

7

in turn "was not required to register as a sex offender in West Virginia pursuant to the circuit court's interpretation of West Virginia Code § 15-12-9(c)." *Id.* at 701, 908 S.E.2d at 198. The Court determined that the circuit court's dismissal "clearly violated our prior caselaw, including syllabus point three of *Gwaltney* [*I*], and impermissibly invaded the grand jury's province." *Id.* Explaining that "[t]he grand jury found probable cause for [the defendant] to stand trial on two counts of a second or subsequent failure to register or provide notice of registration changes, in violation of West Virginia Code § 15-12-8(c)[,]" the *Gwaltney II* Court concluded that by dismissing the indictment, the lower court "erroneously second guessed" the grand jury's determination, "based on its conclusion that the facts of this case did not support the two counts contained in the indictment." *Id.* The Court also recognized that "the circuit court did not dismiss the indictment based on prosecutorial misconduct or constitutional sufficiency," as neither was raised below by the defendant. *Id.* at 700-01, 908 S.E.2d at 197-98.

The same error the Court considered in *Gwaltney I* and *Gwaltney II* is present here, so our precedent unquestionably applies and precludes the circuit court from dismissing the indictment by improperly weighing the State's proffered evidence. The Brooke County grand jury found probable cause that Mr. Smogonovich violated SORA relating to three types of information certain sex offenders are required to disclose to law enforcement. In granting Mr. Smogonovich's motion to dismiss the indictment, the circuit court looked past the language of the indictment and considered the factual circumstances

8

Mr. Smogonovich described in his motion.[5] Here, as in *Gwaltney II*, "the circuit court lacked the authority to dismiss based on its conclusion that the indictment lacked a sufficient factual basis[,]" and, therefore, "the dismissal exceeded the court's legitimate powers." *Id.* at 701, 908 S.E.2d at 198.

Mr. Smogonovich contends, on many grounds, that the circuit court did not err in dismissing the indictment, and in his argument alleges that the dismissal protected his rights to equal protection and due process. However, in claiming that the circuit court did not err, he essentially asserts (1) his Ohio juvenile delinquency adjudication is not a conviction, for the purposes of SORA; and (2) the trial court properly dismissed the indictment because of the indictment mischaracterized his juvenile delinquency adjudication as a conviction.[6] Here, we do not address the application of SORA to Mr. Smogonovich's proffered factual circumstances because his approach requires both this Court and the circuit court to look past the language of the indictment to potential evidence

---

[5] We note that the State responded in opposition to the motion by relying on its own proffered facts and documents regarding Mr. Smogonovich's registration requirements in Ohio.

[6] In his response to the State's petition, Mr. Smogonovich notes, in passing and without further explanation, that the State "told the grand jury" that his juvenile delinquency adjudication "was a conviction." However, this issue was not raised to the circuit court, and at oral argument before this Court his attorney admitted that he had not seen the grand jury transcripts and had not asserted that the indictment was fraudulently obtained.

9

that the State may use to prove the essential elements of the charged crimes at trial. This approach—weighing the elements of crimes listed in the indictment against potential evidence—is unquestionably prohibited at this stage of the proceedings.[7]

This Court's recognition that a circuit court may not dismiss a properly-returned indictment on evidentiary grounds is not unique. The United States Tenth Circuit Court of Appeals described the distinction between a permitted dismissal of an indictment for failure to charge an offense and the improper dismissal for lack of evidence: "Certainly an information or indictment may be dismissed if it is insufficient to charge an offense. But it may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence." *United States v. King*, 581 F.2d 800, 802 (10th Cir. 1978). In *King*, the Tenth Circuit explained that a dismissal based on a factual determination by the judge

---

[7] Mr. Smogonovich notes in his brief that West Virginia Code § 15-12-9, entitled "Registration of out-of-state offenders," fails to "specify whether out-of-state registrants must register for life or for [ten] years[,]" that he was indicted for felony offenses and the indictment alleges that he had to register for life, and that other language in SORA addresses a misdemeanor penalty when the person is required to register for ten years. *See* W. Va. Code § 15-12-8(b)-(c); *see also* W. Va. Code § 15-12-4(a) (regarding how long a person must register). Furthermore, the State argues that this Court should now resolve whether West Virginia Code § 15-12-9 requires Mr. Smogonovich to register. Any potential vagueness in SORA, whether Mr. Smogonovich's juvenile delinquency adjudication required him to register pursuant to any provisions of SORA, and whether the failure to register under another provision is properly charged in the indictment is beyond the scope of this opinion to resolve. The sole issue properly before this Court is whether the circuit court exceeded its legitimate powers by dismissing the indictment due to a perceived lack of sufficient evidence to sustain a conviction for the charged crime.

10

before trial "was in effect a determination of guilt made at a point in the proceedings when the district judge was without jurisdiction to render it." *Id.*[8]

While civil cases contemplate summary judgment under Rule 56 of both the Federal and West Virginia Rules of Civil Procedure "to test, pretrial, the sufficiency of the evidence to establish triable issues of fact[,]" in criminal cases, "there is no corollary[.]" *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000). In *DeLaurentis*, the United States Third Circuit Court of Appeals considered a lower court's dismissal of two counts of an indictment before trial. Finding that the district court erred, the *DeLaurentis* Court explained that "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *Id.* Accordingly, if trial evidence fails to meet the elements of the offenses alleged in the indictment, the first time a defendant may move the court for a judgment of acquittal, pursuant to Rule 29(a) of the West Virginia Rules of Criminal Procedure, is after

---

[8] *See also State v. Taylor*, 810 A.2d 964, 980 (Md. 2002) ("A pretrial motion to dismiss an indictment or information may not be predicated on insufficiency of the State's evidence because such an analysis necessarily requires consideration of the general issue. Thus, where there are factual issues involved, a motion to dismiss on the grounds that the State's proof would fail is improper.").

the close of the State's case.[9] Here, the defendant's pretrial motion to dismiss the indictment based upon substantive evidence was both premature and the incorrect procedural mechanism.

### B. A Writ of Prohibition Should Issue

Because the circuit court exceeded its legitimate powers by dismissing the indictment, we conclude the State is entitled to the requested writ of prohibition pursuant to the first three *Hoover* factors. Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12. In light of our earlier discussion, the third *Hoover* factor is met as the circuit court's dismissal order is "clearly erroneous as a matter of law[.]" *Id.*, in part.

---

[9] Rule 29(a) of the West Virginia Rules of Criminal Procedure provides the following:

(a) *Motion Before Submission to Jury.* — Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the state is not granted, the defendant may offer evidence without having reserved the right.

Rule 29(c) also permits a defendant to make or renew a motion for judgment of acquittal "within ten days after the jury is discharged or within such further time as the court may fix during the ten-day period."

Furthermore, because the State "will be damaged or prejudiced in a way that is not correctable on appeal[,]" and the State has "no other adequate means, such as direct appeal, to obtain the desired relief[,]" the first and second *Hoover* factors are met. *Id.*, in part. The State's right to appeal criminal cases is limited to situations where the right is "conferred by the Constitution or a statute." Syl. Pt. 1, in part, *State v. Jones*, 178 W. Va. 627, 363 S.E.2d 513 (1987). West Virginia Code § 58-5-30 permits the State to appeal in the limited circumstance where a circuit court determines an indictment is "bad or insufficient[.]" Mr. Smogonovich contends that the circuit court's ruling was appealable pursuant to West Virginia Code § 58-5-30, rather than the proper subject of a writ of prohibition, because the circuit court "[i]n essence" determined that the indictment was "bad or insufficient" when it concluded that Mr. Smogonovich did not have the conviction requiring him to register as a sex offender. We disagree that the circuit court made a finding that would, in turn, allow the State to appeal the circuit court's ruling. A "bad or insufficient" indictment is one that, within its "four corners" and on its face "(1) fails to contain the elements of the offense to be charged and sufficiently apprise the defendant of what he or she must be prepared to meet; and (2) fails to contain sufficient accurate information to permit a plea of former acquittal or conviction." Syl. Pt. 1, in part, *State v. Zain*, 207 W. Va. 54, 528 S.E.2d 748 (1999).[10] Mr. Smogonovich did not argue that the

---

[10] In *Gwaltney I*, the Court used similar language to explain a constitutionally *sufficient* indictment, which must "(1) state the elements of the charged offense; (2) put a defendant on 'fair notice' of the charge against which a defendant must defend; and (3) allow a defendant 'to assert an acquittal or conviction' to avoid double jeopardy." 249

indictment was bad or insufficient to the circuit court, and the circuit court did not make any corresponding findings regarding the indictment being bad or insufficient—i.e., failing to charge a crime, on its face—when it granted his motion to dismiss. The State was not permitted to appeal the circuit court's ruling.

The circuit court's consideration of whether the State could prove Mr. Smogonovich had a qualifying conviction requiring him to register as a sex offender invaded the grand jury's constitutionally prescribed function and was clear error. Absent this Court's exercise of its original jurisdiction and issuance of an extraordinary writ, the State may not contest the circuit court's ruling, and without the writ, the State would be deprived of its right to prosecute the case. *See* Syl Pt. 5, *Lewis*, 188 W. Va. 85, 422 S.E.2d 807. For these reasons, we grant a writ of prohibition precluding the circuit court from dismissing the indictment, as it prematurely weighed evidence against the charges set forth in the indictment returned by the grand jury.

---

W. Va. at 715, 901 S.E.2d at 79 (quoting Syl. Pt. 6, in part, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999)). The Court further described a circuit court's *limitations* when reviewing an indictment for constitutional sufficiency, noting that the review must be "to the face of the indictment" and its consideration "does not extend to any evidence supporting the indictment." *Id.*; *see also* Syl. Pt. 2, *Wallace*, 205 W. Va. 155, 517 S.E.2d 20 ("Assessment of the facial sufficiency of an indictment is limited to its 'four corners,' and, because supplemental pleadings cannot cure an otherwise invalid indictment, courts are precluded from considering evidence from sources beyond the charging instrument.").

**IV.**

**CONCLUSION**

For the reasons stated above, this Court grants the writ of prohibition to prevent the circuit court from enforcing its order dismissing the three-count indictment.

Writ Granted.